IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1997 SESSION

FILED

January 8, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9610-CR-00433 |
| Appellee, | * | SUMNER COUNTY |
| VS. | * | Hon. Jane W. Wheatcraft, Judge |
| TYRONE WATKINS, | * | (Certified Question of Law) |
| Appellant. | * | |

For Appellant:

David A. Doyle
District Public Defender
Eighteenth Judicial District
117 East Main Street
Gallatin, TN  37066

For Appellee:

Charles W. Burson
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

Thomas Dean
Assistant District Attorney General
113 West Main Street
Gallatin, TN  37066

OPINION FILED:_____

REVERSED AND DISMISSED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Tyrone Watkins, was convicted on July 18, 1994, of two Class A misdemeanors. While allowing pretrial jail credit, the trial court imposed consecutive sentences of eleven months and twenty-nine days, the remainder of which was to be served on probation. On February 16, 1996, a warrant was issued which resulted in the revocation of probation.

The question of law certified for review is whether the probationary term had expired prior to the commencement of the revocation proceeding. Rule 37(b)(2)(i), Tenn. R. Crim. P. We must reverse the judgment of the trial court; the cause is dismissed.

One of the judgments of conviction provided for pretrial jail credit from February 10 through July 18 of 1994, a period of five months and eight days. The defendant contends that this jail credit effectively reduced the two consecutive eleven-month, twenty-nine-day probationary sentences. The state insists that the defendant does not receive the pretrial jail credit unless he is actually ordered to serve the sentence in custody and thus the period of probation extended into July 1996, several months beyond when the warrant was issued.

The revocation warrant included allegations that the defendant had violated the terms of his probation by being found guilty of driving on a revoked license, by being convicted for facilitation of the possession of Schedule VI drugs, and by failing to pay costs or restitution as ordered in the original judgment. The defendant filed a motion to dismiss which the trial court eventually denied. The defendant then pled guilty to having violated probation on the condition that he be allowed to appeal this dispositive certified question of law.

2

Trial courts are empowered to revoke suspended sentences. Tenn. Code Ann. § 40-35-310. That statutory authority grants trial judges the discretion "to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d). Further, the Sentencing Commission Comments to § 40-35-310 provide that upon revocation, the original sentence "can be placed into effect." See also State v. Duke, 902 S.W.2d 424 (Tenn. Crim. App. 1995). A defendant is released from probation, however, after his or her sentence has expired. The trial court has no authority to revoke probation after the sentence has elapsed. State v. Steven B. Mangrum, No. 01C01-9007-CC-00176 (Tenn. Crim. App., at Nashville, Feb. 21, 1991). A probationary period beyond the sentence imposed is illegal and subject to be set aside at anytime. State v. Jason C. Deyton, Jr., No. 234 (Tenn. Crim. App., at Knoxville, Feb. 2, 1989). See State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978) (holding that an illegal sentence may be set aside at any time).

The question to be addressed in this case, however, involves the manner of calculating the pretrial jail credit:

> **Commencement of sentence--Credit for pretrial detention and jail time pending appeal.--**(a) When a person is sentenced to imprisonment, the judgment of the court shall be rendered so that such sentence shall commence on the day on which the defendant legally comes into the custody of the sheriff for execution of the judgment of imprisonment.
>
> \*\*\*
>
> (c) The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the

3

defendant was tried.

* * *

Tenn. Code Ann. § 40-23-101.

> Our law requires that the pretrial jail credit diminish the sentence:
>
> In imposing a misdemeanor sentence, the court shall fix a specific number of months, days or hours, and the defendant shall be responsible for the entire sentence undiminished by sentence credits of any sort except for credits authorized by § 40-23-101, relative to pretrial jail credit, ....  The court shall impose a sentence consistent with the purposes and principles of this chapter.

Tenn. Code Ann. § 40-35-302(b).

The purpose of the pretrial jail credit statute is to treat those unable to make bail in much the same manner as those that are.  State v. Abernathy, 649 S.W.2d 285 (Tenn. Crim. App. 1983).  "The legislature in its wisdom recognized an injustice between the person of means who could make bond and the person who could not and had to languish in jail."  Id. at 286.

In State v. Vito Summa, No. 02C01-9411-CR-00254 (Tenn. Crim. App., at Jackson, Dec. 28, 1995), app. denied, (Tenn., May 13, 1996), a panel of our court ruled that after a period of "actual incarceration" on an eleven-month and twenty-nine-day sentence, the trial judge could not sentence the defendant to a probationary term longer than six months and twenty-two days, the balance of the term.  Slip op. at 5.  The probationary period which was in excess of the total of eleven months and twenty-nine days after the calculation of sentence credits was held to be void.

Here, the defendant was convicted of Class A misdemeanors and

4

could not be sentenced to more than eleven months, twenty-nine days for each offense. Tenn. Code Ann. § 40-35-111(e)(1). Thus, for the conviction for which the defendant was entitled to five months and eight days of jail credit, his probationary term could be only so long as to allow an entire sentence of eleven months, twenty-nine days. There is no authority for the trial court to order a sentence of eleven months, twenty-nine days plus five months and eight days. According to our calculations, the defendant's probationary term expired on or about February 8, 1996.

In general, the trial court may not impose a period of probation that exceeds the sentence authorized by law. Because the sentence of the defendant began at the time he was placed in jail, the trial court had no authority to revoke probation after each of the two consecutive eleven-month, twenty-nine-day sentences had expired.[1]

Accordingly, the judgment of the trial court is reversed and the cause is dismissed.

_____
Gary R. Wade, Judge

CONCUR:

_____
Thomas T. Woodall, Judge

_____

[1]The first eleven-month, twenty-nine-day sentence had expired over a year before the filing of the probation violation warrant. Had the state been correct in its position, a revocation would have affected only the second of the two sentences. See State v. Jeffrey D. Hunter, No. 01C01-9608-CC-00334 (Tenn. Crim. App., at Nashville, Oct. 30, 1997).

Curwood Witt, Judge