## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT NASHVILLE

**MAY 1999 SESSION**

FILED

October 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RICHARD LEE WALINE,** | * | C.C.A. 01C01-9805-CR-00199 |
| Appellant, | * | DAVIDSON COUNTY |
| vs. | * | Hon. Seth Norman, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Thomas H. Potter
100 Thompson Lane
Nashville, TN  37211

For Appellee:

Paul G. Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Lucian D. Geise
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED: _____

AFFIRMED - RULE 20

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Richard Lee Waline, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court on May 18, 1998. On July 13, 1995, the petitioner pled guilty in the Davidson County Criminal Court to attempted rape of a child and aggravated sexual battery, the offenses occurring in 1994. Pursuant to a plea agreement, the trial court imposed consecutive, Range I sentences of eight years incarceration in the Tennessee Department of Correction. On May 20, 1996, the petitioner filed the instant petition for post-conviction relief. The post-conviction court appointed counsel and conducted an evidentiary hearing prior to denying the petitioner relief. Having thoroughly reviewed the record and the parties' briefs, we conclude that this is an appropriate case for affirmance pursuant to Ct. of Crim. App. Rule 20.

On appeal, the petitioner seeks to withdraw his guilty pleas to attempted rape of a child and aggravated sexual battery. In essence, he asserts that his guilty pleas were conditioned upon a release eligibility percentage in the aggravated sexual battery case of thirty percent (30%).[1] However, according to the petitioner, the trial court's imposition of this release eligibility percentage directly contravenes Tenn. Code. Ann. § 40-35-501(i) (1995) and thus constitutes an illegal sentence. Moreover, he asserts that, because he was unaware of the illegality of his sentence, he did not enter his guilty pleas knowingly and voluntarily. Finally, he contends that his trial counsel was ineffective in failing to advise him concerning the illegality of his sentence for aggravated sexual battery.

Initially, it appears from the record before this court that the petitioner

---

[1]At the post-conviction evidentiary hearing, the State stipulated that the plea agreement provided for a release eligibility percentage of thirty percent (30%) with respect to each conviction.

did not challenge in the post-conviction court the legality of his sentence for aggravated sexual battery. Of course, an illegal sentence is subject to being set aside at any time. See, e.g., State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)(citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)); State v. Watkins, 972 S.W.2d 703, 704-705 (Tenn. Crim. App. 1998). However, the petitioner's sentence is not illegal. We conclude in accordance with the State's argument that Tenn. Code. Ann. § 40-35-501(i) (1995) is not applicable in the petitioner's case, as the statute only applies to offenses committed on or after July 1, 1995. The petitioner's offenses occurred in 1994. Accordingly, we affirm the judgment of the post-conviction court pursuant to Ct. of Crim. App. Rule 20.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
Jerry L. Smith, Judge

3