IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2003

## STATE OF TENNESSEE  v.  KENNETH NOLAN HUMPHRIES

**Direct Appeal from the Criminal Court for Knox County**
**Nos. 44241, 51652, 51824, 57097, 57768     Ray L. Jenkins, Judge**

---

**No. E2002-01255-CCA-R3-CD**
**September 9, 2003**

---

Defendant, Kenneth Nolan Humphries, appeals the trial court's revocation of probation. Defendant was separately indicted for three counts of Class D theft. On September 17, 1993, Defendant entered guilty pleas to all three charges, and the trial court sentenced him to serve three consecutive sentences of four years each and ordered him to pay restitution. Defendant's sentences were suspended, and he was placed on probation for twelve years. A probation violation warrant was filed and later amended. The revocation warrant was dismissed, and the trial court ordered Defendant to complete a drug and alcohol rehabilitation program. Subsequently, a second probation violation warrant was filed and later amended to include additional allegations. On April 16, 1997, Defendant pled guilty to two more charges of theft and received two six-year sentences to be served concurrently with each other and consecutively to Defendant's previous twelve-year sentence, for a total effective sentence of eighteen years. The trial court ordered that Defendant's sentence be supervised by the Community Alternatives to Prison Program (CAPP), to expire on April 16, 2015. A warrant for violation of CAPP was filed. Defendant was ordered to serve the remainder of his sentence on regular probation. A fourth probation violation warrant was filed. Following a hearing, the trial court found that Defendant had violated the conditions of probation and ordered Defendant to serve the remainder of his sentence in confinement. Defendant appeals the trial court's decision. After reviewing the record, we affirm the judgment of the trial court in part and reverse in part.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Trial Court Affirmed in Part,**
**Reversed in Part and Remanded.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Mark E. Stephens, District Public Defender; Robert C. Edwards, Assistant Public Defender, for the appellant, Kenneth Nolan Humphries.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; Zane Scarlett, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

On May 6, 1991, Defendant was indicted for theft of property, a Class D felony, in case 44241. Defendant was later indicted for two additional counts of theft, on May 18, 1993, in case 51652, and on June 1, 1993, in case 51824. On September 17, 1993, Defendant entered guilty pleas to all three charges, and the trial court sentenced Defendant to four years probation on each count, to be served consecutively, resulting in an effective sentence of twelve years on probation. The trial court also ordered Defendant to pay restitution in the amount of $9,287.00.

On May 11, 1994, a warrant for violation of probation was filed in cases 44241, 51652, and 51824 based on new arrests for DUI and theft of property on October 9, 1993, and March 18, 1994. Defendant was again indicted for the offense of theft on November 29, 1994, in case 57097, and on February 6, 1995, in case 57768. On February 16, 1995, the probation violation warrant in cases 44241, 51652, and 51824 was amended to include additional violations. On March 28, 1995, Defendant was ordered to enter an alcohol and drug rehabilitation program. The probation violation warrant was dismissed on September 7, 1995, and Defendant was placed on intensive probation.

A second warrant for violation of probation was filed in cases 44241, 51652, and 51824 on March 13, 1996, alleging failure to pay fees, court costs, and restitution. That warrant was amended on May 9, 1996, to include other violations. On April 16, 1997, Defendant pled guilty to the theft charges in cases 57097 and 57768. He was sentenced to six years for each charge, to be served concurrently with each other, but consecutively to his previous twelve-year sentence, resulting in an effective sentence of eighteen years. The trial court revoked Defendant's probation in cases 44241, 51652, and 51824, and ordered Defendant's original sentence to be "put into full force and effect." The trial court also ordered Defendant to serve his sentence in the Community Alternatives to Prison Program (CAPP). Additionally, the trial court ordered Defendant to pay $6,500 in restitution.

A warrant for violation of the CAPP program was filed on May 23, 1997, alleging possession and use of alcohol and controlled substances, failure to obey curfew, failure to pay court costs, failure to perform community service, and failure to pay fees. The trial court revoked Defendant's community alternatives sentence on February 9, 1998, and ordered that his September 17, 1993 sentence be "put into full force and effect." However, the trial court found that Defendant had completed 178 days in the Knox County Sheriff's Department Drug Program, and ordered Defendant to continue serving his sentence in the CAPP program until it expired on April 16, 2015. On December 4, 1998, the trial court ordered that Defendant be placed on regular probation, but that the conditions imposed by the CAPP sentence from April 16, 1997, remained in effect.

Another probation violation warrant was filed on July 8, 1999, alleging that Defendant was arrested for assault and failed to report the arrest. The warrant was amended on July 22, 1999, to include convictions for DUI, third offense, and driving on a revoked license. This warrant was dismissed on December 13, 1999.

A fourth warrant for violation of probation was filed on February 1, 2002. Following a hearing, the trial court revoked Defendant's probation on May 23, 2002, and ordered Defendant to serve the original sentence in confinement, crediting Defendant with 712 days served in confinement.

At the May 23, 2002, probation revocation hearing, Pam Silano testified that she became Defendant's probation officer in November of 2000. Defendant was required to report to Ms. Silano every two months. He reported in April of 2001, and he failed to report again until April of 2002. Ms. Silano learned that Defendant had been incarcerated in South Carolina on different charges. At the hearing, defense counsel stated, "We do not contest that he [went to South Carolina] without permission." Defendant had been on probation in South Carolina for failure to pay sales taxes. His probationary period began in 1992, before he was indicted on the charges in the cases in this appeal. Defendant's probation in South Carolina had been revoked, and Defendant was required to serve nine months in confinement. Defendant was in jail in South Carolina from June 30, 2001, until February of 2002. Ms. Silano sent a certified letter to Defendant in South Carolina, directing him to report to her on February 6, 2002. A probation violation warrant was filed in Tennessee on February 1, 2002. Defendant reported to Ms. Silano on April 1, 2002, and was arrested for violation of probation. Defendant had also failed to pay probation fees and court costs owed since April of 2001. Ms. Silano testified that Defendant owed $5,920 in court costs, but Defendant had paid restitution in full.

Defendant testified at the revocation hearing. He testified that at the time he entered the guilty pleas in this case, he was on probation in South Carolina for a conviction for failure to pay sales taxes. Defendant further testified that he received a telephone call from his mother stating that his South Carolina probation officers had been looking for him. Defendant drove to South Carolina the following day. Defendant stated that he knew he was supposed to get permission from his probation officer in Tennessee before leaving the state, but he did not attempt to contact her. Defendant testified that the last time he reported to his probation officer in Tennessee was in April of 2001. Defendant said that he was arrested in South Carolina on May 28, 2001. He also testified that he directed his mother to call Ms. Silano a couple of days later to report his whereabouts.

Defendant contends that there was insufficient evidence to support the trial court's revocation of his probation. If a trial court finds by a preponderance of the evidence that a defendant has violated a condition of his probation, then the trial court may revoke probation. Tenn. Code Ann. § 40-35-311(e) (Supp. 2002). We review the trial court's revocation of probation for an abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). On appeal, Defendant must show that there is no substantial evidence to support the trial court's conclusion that a violation of probation occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

Defendant argues that the State failed to present evidence of some of the allegations in the warrant. The revocation warrant filed on February 1, 2002, alleged that Defendant was arrested on June 5, 2001 in Spartanburg, South Carolina, for "open container" and possession of marijuana; that Defendant left the State of Tennessee without informing his probation officer; and that Defendant

failed to pay court costs and probation fees. Defendant's probation officer testified that it was a condition of Defendant's probation that he not travel outside of Tennessee without her permission. Defendant testified that he understood that it was a condition of his probation that he get permission from Ms. Silano before leaving the state and that he did not attempt to contact her before driving to South Carolina. We conclude that the record contains sufficient evidence to support the revocation of Defendant's probation.

Defendant also contends that the trial court lacked the authority to revoke probation in case number 44214 because, Defendant argues, he had already completed his four-year sentence in that case at the time of revocation. We agree.

Tenn. Code Ann. § 40-35-310 gives trial courts the authority to revoke suspended sentences. *See State v. Watkins*, 972 S.W.2d 703, 704 (Tenn. Crim. App. 1998). The statute allows trial courts discretion "to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(e) (Supp. 2002). If a defendant who is on probation for consecutive sentences violates probation before completion of the first term, the trial court has authority to revoke all probation and order service of the original sentences. *See Hunter*, 1 S.W.3d 643 at 646. Therefore, each time the trial court revoked Defendant's probation in this case and reinstated his sentence, Defendant began serving his original sentence anew. *Id*. at 646.

The trial court no longer has authority to revoke probation and order service of the original sentence after a defendant successfully completes a probationary sentence. Tenn. Code Ann. § 40-35-310 (1997); *State v. Hunter*, 1 S.W.3d 643 (Tenn. 1999). In determining the expiration of a sentence of probation, a defendant is not entitled to credit for time served on probation unless the defendant successfully completes the entire term of probation. *Hunter*, 1 S.W.3d at 648. Furthermore, the expiration of a defendant's term of probation is stayed by the filing of a violation warrant, but the probationary term remains in effect until the trial court rules on the violation warrant. *State v. Clark*, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). In *State v. Lewis*, 917 S.W.2d 251 (Tenn. Crim. App. 1995), this Court held:

> A trial court may exercise its authority over a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension." Tenn. Code Ann. § 40-35-310. If a petition to revoke is initiated within the term of the sentence, any limitation of the time within which to act is tolled.

*Id*. at 256 (citations omitted).

Defendant pled guilty and was originally sentenced in cases 44241, 51652, and 51824 on September 17, 1993. The sentence consisted of three four-year sentences, to be served consecutively, and the judgment reflects that Defendant received 26 days of pretrial jail credit. Therefore, had Defendant served his sentence without incident, the first four-year term of probation would have expired on August 22, 1997.

-4-

The first revocation of probation warrant was filed on May 11, 1994. The warrant was amended on February 16, 1995. On February 21, 1995, Defendant was taken into custody. The trial court referred Defendant to the Intensive Supervision Program of the Department of Probation. On March 28, 1995, the trial court ordered Defendant to complete a drug and alcohol rehabilitation program. On September 7, 1995, the trial court dismissed the revocation warrant and ordered that Defendant remain on intensive probation.

The second revocation warrant was filed on March 13, 1996. The warrant was amended on May 9, 1996, and again on January 7, 1997. On April 16, 1997, the trial court revoked Defendant's probation, and Defendant's original 1993 sentence was "put into full force and effect." The trial court found Defendant to be an appropriate candidate for the Community Alternatives to Prison Program and ordered Defendant to serve eighteen years in CAPP, to expire April 16, 2015. The trial court also gave Defendant credit for 136 days served up to the date of that order.

Defendant did not successfully complete his first four-year term of probation prior to the revocation order dated April 16, 1997. Defendant's original sentence began anew on April 16, 1997. The 136 days credit for time served effectively made the expiration of the first four-year term of probation December 1, 2000.

Defendant's sentence was again revoked on February 9, 1998, and his original sentence was "put into full force and effect." However, the trial court found that Defendant had completed the Knox County Sheriff's Department Drug Program and 178 days in custody and reinstated Defendant's CAPP sentence. Defendant was transferred from CAPP to regular probation on December 4, 1998. A third probation violation warrant was filed on July 8, 1999, and later dismissed.

Defendant did not successfully complete the first four-year term of probation prior to the revocation on February 9, 1998. On that date, Defendant began serving his sentence anew. The 178 days credit for time served, granted by the revocation order dated February 9, 1998, effectively made the expiration of Defendant's first-four year term of probation August 15, 2001.

The fourth probation violation warrant, which is the subject of this appeal, was filed on February 1, 2002, and Defendant's probation was revoked on May 23, 2002. The trial court found that Defendant violated the conditions of probation and ordered him to serve the remainder of his original sentence in confinement. The trial court credited Defendant with a total of 712 days served in custody up to the date of that order.

The record indicates that Defendant successfully completed the first four-year term of probation prior to the filing of the February 1, 2002, revocation warrant. The warrant was filed after the first four-year term of probation expired, accounting for credit for time served. Accordingly, we reverse the trial court's revocation of probation in case 44241 and affirm the trial court's revocation of probation in cases 51652, 51824, 57097, and 57768. The case is remanded to the trial court for the entry of an amended judgment consistent with this opinion.

## CONCLUSION

The judgment of the trial court that probation in case 44241 is revoked, is reversed because that sentence had already been served at the time of the filing of the probation violation warrant and subsequent probation revocation which is the subject of this appeal.  In all other aspects, the judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, JUDGE