IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 11, 2005

## STATE OF TENNESSEE v. EDWARD CHUMNEY

**Appeal from the Circuit Court for Madison County**
**No. 96-244 & 96-310      Roy B. Morgan, Jr., Judge**

_____

**No. W2004-00474-CCA-R3-CD  - Filed April 21, 2005**

_____

The Appellant, Edward Chumney, appeals the revocation of his probation by the Madison County Circuit Court.  On appeal, Chumney argues that the trial court was without authority to revoke his probation because the violation warrants were issued after his sentence of probation had expired. After review, we agree that three of his sentences had expired; however, his two sentences for aggravated burglary had not.  Accordingly, we affirm revocation of his two sentences for aggravated burglary and reverse and vacate revocation of his sentences for misdemeanor theft, class E felony theft, and class D felony theft.  The case is remanded for correction of the records below to reflect this holding and for other proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part; Reversed and Vacated in Part**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender; and Stephen P. Spracher, Assistant Public Defender, Jackson, Tennessee, for the Appellant, Edward Chumney.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On January 15, 1998, the Appellant pled guilty to misdemeanor theft, class E felony theft, class D felony theft, and two counts of aggravated burglary.  As provided by the plea agreement, the trial court sentenced the Appellant to eleven months and twenty-nine days for misdemeanor theft, two years for class E theft, two years for class D theft, and six years for each aggravated burglary

conviction. The trial court imposed community corrections sentences for all convictions and ordered the sentences to be served concurrently for an effective six-year sentence. The judgments of conviction for each of the aggravated burglary sentences provide that the Appellant is to serve six months of the six-year sentence in the county workhouse.[1]

In August 1998, the Appellant's placement in the community corrections program was terminated upon his transfer to state probation.[2] On January 9, 2004, a violation warrant issued charging that the Appellant had tested positive for marijuana on two separate dates. A second warrant issued on February 5, 2004, charging that the Appellant had committed the offense of contributing to the delinquency of a minor.[3] At the revocation hearing, the Appellant conceded the charges in the January 9 and February 5 warrants. The Appellant defended upon grounds that his six-year sentence had expired, and, therefore, the trial court was without authority to revoke the sentence. This argument was rejected by the trial court. The Appellant's effective six-year suspended sentence in docket numbers 96-310 and 96-244 was revoked and "his sentence as originally imposed" was reinstated. This appeal followed.

## Analysis

On appeal, the Appellant argues that the trial court was without authority to revoke his probation because the violation warrants were issued after his sentence of probation had expired. Specifically, the Appellant argues "that his probation had expired prior to commencement of the revocation proceedings because of the four hundred twenty days credit due for his pre-plea incarceration." It is fundamental that a trial court has no authority to cause revocation of a suspended sentence after the sentence has expired. *State v. Steven B. Mangrum*, No. 01C01-9007-CC-00176 (Tenn. Crim. App. at Nashville, Feb. 21, 1991).

The Appellant cites as authority *State v. Watkins*, 972 S.W.2d 703 (Tenn. Crim. App. 1998), to support his argument that his probationary sentence had expired. The holding in *Watkins* did not decide the underlying issue presented in the instant case and is, thus, not dispositive. *Watkins* involved the probation revocation of two consecutive eleven month and twenty-nine day

---

[1]The initial appellate record contained no documentation that the Appellant had served the six months as ordered. No prejail credit is reflected on the judgment form for either aggravated burglary conviction. The appellate record was supplemented with a "mittimus" which reflects that the Appellant is credited "for 420 days jail time: 2-27-96 to 4-9-96 and 7-27-97 to 1-15-98." Obviously, these periods do not total 420 days. Moreover, the trial court's order revoking probation contains no reference to jail credits or community correction credits, which is required for computation of the Appellant's release date by the Department of Correction. Accordingly, remand is necessary for entry of the correct credits earned by the Appellant with regard to his aggravated burglary sentences.

[2]The probation order provides that the Appellant is under probation supervision in docket numbers 96-244 and 96-310 which includes all five convictions. The order further provides that the "expiration date of this probationary sentence is the 15th day, Jan., 2004."

[3]The State announced at the revocation hearing that the initial violation warrant dated December 2, 2003, alleging "technical" violations was withdrawn.

misdemeanor sentences. Central to the *Watkins* holding was that "the trial court may not impose a period of probation that exceeds the sentence authorized by law." *Id*. at 705. The *Watkins* court concluded that because the imposed probationary period extended beyond the maximum time allowed for the conviction, *i.e.*, eleven months and twenty-nine days, the sentence had expired before the violation warrant issued. *Id*. at 705-06. Moreover, although the Appellant argues that his service of four hundred twenty days in jail proportionally reduced the expiration date of his probationary sentence, two opinions of this court have reached contrary conclusions. *See State v. William A. Marshall*, No. M2001-02954-CCA-R3-CD (Tenn. Crim. App. at Nashville, Oct. 14, 2002) (pretrial jail credits do not accelerate the expiration date of a defendant's probationary sentence); *State v. Dennis R. Jacks*, No. E2000-00643-CCA-R3-CD (Tenn. Crim. App. at Knoxville, May 7, 2001), *perm. app. denied*, (Tenn. 2001) (pretrial jail credit did not affect the expiration date of the probationary sentence).

The expiration date of a sentence of probation is expressly governed by the provisions of Tennessee Code Annotated section 40-35-310 (2003) which provide:

> The trial judge shall possess the power, <u>at any time within the maximum time which was directed and ordered by the court for such suspension</u>, after proceeding as provided in § 40-35-311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly....

(emphasis added); *see also State v. Taylor*, 992 S.W.2d 941, 944-45 (Tenn. 1999). In *Taylor*, the Appellant received a four-year sentence which was suspended after he had served a period of incarceration. On appeal, he argued that his sentence had expired prior to the institution of revocation proceedings. Deciding adversely to the Appellant, the court reasoned:

> A four-year sentence will expire after service of 1460 days . . . . [Taylor had] 549 days of sentencing credits. . . . He did successfully complete a term of three years and 186 days probation. However, he had not completed an entire four-year term of probation prior to the revocation proceedings. . . . Therefore, [Taylor's] sentence had not expired because he had neither served the entire four years nor successfully completed a four-year term of probation.

*Id*.

We are first required to address the trial court's order of revocation captioned "Docket # 96-310, 96-244," which simply ordered that the Appellant "serve his sentence as originally imposed," without designating which sentence or sentences were being revoked and reinstated. Thus, we must presume that the effective sentence of six years for those sentences stemming from convictions in docket numbers 96-310 and 96-244 were revoked. Indeed, this is consistent with the probation warrant which charged violations of the conditions of probation in docket numbers 96-310 and 96-244, which encompass all five convictions. The Appellant was convicted of misdemeanor theft in a single-count indictment in docket number 96-244 on January 15, 1998, and received a sentence of

eleven months and twenty-nine days. As such, this sentence expired on or before January 14, 1999, depending upon the number of prejail credits available to the Appellant. *See Watkins*, 972 S.W.2d at 705.

With regard to the Appellant's sentence for class E and class D theft in docket number 96-310, the record demonstrates that on January 15, 1998, he received concurrent sentences of two years for these crimes. Thus, these sentences expired on January 15, 2000. Again, on January 15, 1998, the Appellant was sentenced in docket number 96-310 to concurrent six-year sentences for aggravated burglary, thus, these sentences expired on January 15, 2004. We conclude from these facts that the Appellant's probationary sentence for misdemeanor theft, class E felony theft, and class D felony theft had expired at the time the violation warrant issued on January 9, 2004.

It is manifest from a reading of Tennessee Code Annotated section 40-35-310 that the trial court in this case possessed the authority to revoke suspension of these sentences at any time within six years from the date the aggravated burglary sentences were imposed. The probationary period of six years is clearly within the fifteen-year statutory maximum time for the class C conviction offense of aggravated burglary. The trial court imposed a six-year suspended sentence and placed the Appellant on probation for six years on January 15, 1998; thus, the Appellant remained on probation until January 15, 2004. Because the probation violation warrant issued on January 9, the trial court possessed the power to revoke. The violation warrant of February 5, 2004, was clearly filed beyond the sentence expiration date of January 15, 2004; thus, revocation based solely upon the facts of this warrant would have been error.

## CONCLUSION

Revocation of the Appellant's probationary sentences for misdemeanor theft, class E theft, and class D theft is reversed, and any cost or fees associated with these revocations are vacated. Revocation of the Appellant's probationary sentences for two counts of aggravated burglary is affirmed.

_____
DAVID G. HAYES, JUDGE

-4-