IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 11, 2005

## STATE OF TENNESSEE v. KENDRICK LAMONT BROOKS

**Appeal from the Circuit Court for Madison County**
**No. 97-374      Roy B. Morgan, Jr., Judge**

---

**No. W2004-00475-CCA-R3-CD  - Filed April 28, 2005**

---

The Appellant, Kendrick Lamont Brooks, appeals the revocation of his probation by the Madison County Circuit Court.  On appeal, Brooks argues that the trial court was without authority to revoke his probation because the violation warrant was issued after his sentence had expired.  Finding this argument without merit, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; Remanded for Corrected Judgments of Conviction**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender; and Stephen P. Spracher, Assistant Public Defender, Jackson, Tennessee, for the Appellant, Kendrick Lamont Brooks.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On January 7, 1998, the Appellant pled guilty to robbery and misdemeanor possession of cocaine.  He received concurrent sentences of six years for the robbery conviction, which was ordered suspended, and eleven months and twenty-nine days for the possession conviction, to be served in the county jail.[1]  No pretrial jail credit is reflected on the judgment form for either

---

[1]With regard to the robbery conviction, the judgment form signed by the trial judge states that the Appellant was placed on probation for six years.  The probation order entered by the trial judge recites that the Appellant was "placed on probation for a period of 5 years and 1 day (after serving 11 months and 29 days)."  Moreover, the probation

(continued...)

conviction; however, the appellate record was supplemented with a "mittimus" which reflects that the Appellant was credited with "320 days jail time" for both sentences.[2] Although the record is silent on this point, we presume, based upon the number of pretrial jail credits, that the Appellant was released to supervised probation on the date the guilty pleas were entered.

On June 19, 2003, a probation violation warrant was issued alleging that the Appellant had violated the conditions of probation based upon new arrests and convictions for DUI, driving on a suspended license, disobeying a traffic sign, not having proof of insurance, leaving the scene of an accident, and domestic assault. Additionally, the warrant charged failure to report to his probation officer and failure to inform of a change in employment. A revocation hearing was held on February 17, 2004, at which time the Appellant conceded the alleged violations. He argued, however, that the three hundred twenty days of pretrial jail credit reduced his six-year sentence by the same number of days; thus, he asserted that his sentence had expired in February 2003, prior to the issuance of the probation warrant in June 2003, and that the trial court was without jurisdiction to revoke. The trial court rejected this argument and reinstated the original six-year sentence, granting the Appellant jail credit of three hundred twenty days against the sentence. The Appellant appeals this ruling.

**Analysis**

On appeal, the Appellant raises the legal question of whether the detention period awaiting trial, or in this case the period prior to entry of the guilty plea, proportionally reduces the probationary sentence. In effect, the Appellant contends that his probationary period had expired prior to the issuance of the revocation warrant "because of the three hundred twenty days credit due for his pre-plea incarceration." It is fundamental that a trial court has no authority to cause revocation of a suspended sentence after the sentence has expired. *State v. Steven B. Mangrum*, No. 01C01-9007-CC-00176 (Tenn. Crim. App. at Nashville, Feb. 21, 1991).

The Appellant cites as authority *State v. Watkins*, 972 S.W.2d 703 (Tenn. Crim. App. 1998) to support his argument that his probationary sentence had expired. The holding in *Watkins* did not decide the underlying issue presented in the instant case and is, thus, not dispositive. *Watkins* involved the probation revocation of two consecutive eleven month and twenty-nine day misdemeanor sentences. Central to the *Watkins* holding was that "the trial court may not impose a period of probation that exceeds the sentence authorized by law." 972 S.W.2d at 705. The *Watkins* court concluded that because the imposed probationary period extended beyond the maximum time allowed for the conviction, *i.e.*, eleven months and twenty-nine days, the sentence had expired before the violation warrant issued. *Id.* at 705-706. Moreover, although the Appellant argues that his

---

[1](...continued)
order provides, "The expiration date of this probationary sentence is the 7[th] day of January, 2004 . . . Ordered . . . this the 7[th] day of January 1998."

[2]Because no jail credit is shown on either judgment form, a remand is necessary for correction of the forms for an accurate record of the proceedings below with regard to jail credits and for Department of Correction purposes with regard to the felony conviction.

service of three hundred twenty days in jail proportionally reduced the expiration date of his probationary sentence, two opinions of this court have reached contrary conclusions. *See State v. William A. Marshall*, No. M2001-02954-CCA-R3-CD (Tenn. Crim. App. at Nashville, Oct. 14, 2002) (pretrial jail credits do not accelerate the expiration date of a defendant's probationary sentence); *State v. Dennis R. Jacks*, No. E2000-00643-CCA-R3-CD (Tenn. Crim. App. at Knoxville, May 7, 2001), *perm. app. denied*, (Tenn. 2001) (pretrial jail credit did not affect the expiration date of the probationary sentence).

The expiration date of a sentence of probation is expressly governed by the provisions of Tennessee Code Annotated section 40-35-310 (2003) which provide:

> The trial judge shall possess the power, <u>at any time within the maximum time which was directed and ordered by the court for such suspension</u>, after proceeding as provided in § 40-35-311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly . . . .

(emphasis added); *See also State v. Taylor*, 992 S.W.2d 941, 944-45 (Tenn. 1999). In *Taylor*, the Appellant received a four-year sentence which was suspended after he had served a period of incarceration. On appeal, he argued that his sentence had expired prior to the institution of revocation proceedings. Deciding adversely to the Appellant, the court reasoned:

> A four-year sentence will expire after service of 1460 days . . . . [Taylor had] 549 days of sentencing credits. . . . He did successfully complete a term of three years and 186 days probation. However, he had not completed an entire four-year term of probation prior to the revocation proceedings. . . . Therefore, [Taylor's] sentence had not expired because he had neither served the entire four years nor successfully completed a four-year term of probation.

*Id*.

It is manifest from a reading of Tennessee Code Annotated section 40-35-310 that the trial court in this case possessed the power at any time within six years from the date the sentence was imposed to revoke suspension of the sentence. The probationary period of six years is clearly within the fifteen-year statutory maximum time for the class C conviction offense of robbery. The trial court imposed a six-year suspended sentence and placed the Appellant on probation for six years on January 7, 1998; thus, the Appellant remained on probation until January 7, 2004. Because the probation violation warrant issued in June 2003, the trial court possessed the power to revoke.

## CONCLUSION

Based upon the foregoing, the trial court was within its authority to revoke the Appellant's suspended sentence. The judgment is affirmed.

_____
DAVID G. HAYES, JUDGE