IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2005

## STATE OF TENNESSEE v. DARRELL PHILLIPS

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 00-02766, 00-02767     John P. Colton, Jr., Judge**

_____

**No. W2005-00154-CCA-R3-CD  - Filed December 16, 2005**

_____

The defendant, Darrell Phillips, appeals the revocation of his probation, arguing that the court had no authority to revoke his suspended sentences because the State did not seek this action until after the sentences had expired.  We disagree and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Robert Jones, Shelby County Public Defender, and Phyllis Aluko, Assistant Public Defender, for the appellant, Darrell Phillips.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and James Lammey, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

**Procedural History**

On July 24, 2001, the defendant pled guilty in Case Number 00-02766 to theft of property over $500 and in Case Number 00-02767 to theft of property over $1000, receiving consecutive sentences of two and three years, respectively, for a total effective sentence of five years.  The judgments, executed on September 12, 2001, reflect that the defendant received pretrial jail credits

from December 22, 1999 to September 12, 2001, a total of 630 days, on both sentences.[1]  On January 22, 2002, the defendant was placed on probation for five years.  On August 18, 2004, the State filed a petition for revocation of probation based upon the defendant's arrest on March 25, 2002, for aggravated robbery.  We will review the defendant's claims.

## Revocation Hearing

At the probation revocation hearing, Sandra McClain, a records clerk for the Shelby County Criminal Court Clerk's Office, testified that a petition to suspend the remainder of the defendant's theft sentence was granted on January 22, 2002.  She said he was placed on probation for five years and, subsequently, was arrested on March 23, 2002, for aggravated robbery, to which he later pled guilty to robbery and received a six-year sentence.

The defendant testified that he pled guilty to two counts of theft in July 2001 and received a two- and three-year sentence "running wild" for a total sentence of five years.  He said he later hired a new attorney who filed a petition to suspend the remainder of his sentence, which was granted, and he was placed on probation on January 22, 2002.  Although the probation order recites that he was placed on probation for five years from the date of the order, the defendant claimed that was a mistake.  He acknowledged, however, that he signed the order providing that he was on probation until January 21, 2007.  He testified that he believed he had "flattened" his three-year sentence in January 2002 and had received 630 days jail credit for each sentence.  Asked if he understood that he could not get the same jail credit on two different sentences when they are consecutive to each other, he testified that the State agreed to give him the same jail credits on both sentences as part of the plea agreement.

At the conclusion of the hearing, the trial court granted the State's petition and revoked the defendant's probation.  The defendant appeals this revocation.

## ANALYSIS

### Authority of Trial Court to Revoke Probation

The defendant argues on appeal that the trial court did not have authority to revoke his probation because his two- and three-year sentences had both expired by August 18, 2004, when the State filed its petition for revocation.  The State, believing the defendant's sentences expired October 14, 2003, conceded in its brief on appeal that the trial court had no authority to revoke the

---

[1]We note that the judgments reflect that the defendant received the same pretrial jail credits on both sentences. This court has explained "that a defendant incarcerated pretrial who then receives a consecutive sentence is allowed pretrial jail credits to be applied only to the first sentence." State v. Hobert Dean Davis, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App. Mar. 4, 2002) (citing State v. Frederick Cavitt, No. E1999-00304-CCA-R3-CD, 2000 WL 964941 (Tenn. Crim. App. July 13, 2000)).  Because his sentences are consecutive, the defendant was allowed to have pretrial jail credits only on the first sentence, not both.  This avoids "double-dipping" of credits.

defendant's probation.  However, we conclude that the defendant was on probation until January 21, 2007.  Accordingly, the trial court had authority to revoke his probation on December 16, 2004.

Probation eligibility is governed by Tennessee Code Annotated section 40-35-303, which, in pertinent part, provides:

> (c)(1) If the court determines that a period of probation is appropriate, the court shall sentence the defendant to a specific sentence but shall suspend the execution of all or part thereof and place the defendant on supervised or unsupervised probation either immediately or after a period of confinement *for a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense.*

Tenn. Code Ann. § 40-35-303(c)(1) (Supp. 2005) (emphasis added).  This section specifically allows a trial court to impose a lengthier probation period for a defendant than the actual imposed sentence, as the Sentencing Commission Comments explain:

> Subsection (c) provides that the judge must fix a specific sentence even where probation is granted.  The judge must then fix the duration of the period of probation.  There is no requirement that the duration of probation be the same as the length of the sentence imposed.  However, the duration of the probation must be at least the length of the statutory minimum sentence.  Further, even though the length of the actual sentence is restricted to that required by the particular range, the judge may fix the length of probation up to the statutory maximum for the class of the offense.  For example, the judge could find that the defendant, convicted of a Class D felony, is a Range I, standard offender and impose a sentence of two years, which could be suspended for a period of time up to 12 years, because the statutory maximum for a Class D felony is 12 years.  However, the probation period could not be less than two years.  The commission believes that courts should have a great degree of latitude in fixing the length of probation since this might encourage the use of probation as a sentencing alternative.

Tenn. Code Ann. § 40-35-303, Sentencing Commission Cmts.; see also State v. Phyllis E. Hathaway, No. E2004-00223-CCA-R3-PC, 2005 WL  467159, at *8 (Tenn. Crim. App. Feb. 28, 2005) (explaining that the defendant's total eighteen-year sentence for six consecutive Class D convictions could be suspended for sixty years on probation under section 40-35-303 because the statutory maximum period for Class D felonies at the time of the defendant's crimes was ten years).

Probation revocation is governed by Tennessee Code Annotated section 40-35-310, which provides in pertinent part:

> The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding

as provided in § 40-35-311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly[.]

Tenn. Code Ann. § 40-35-310 (2003). However, a "trial court has no authority to revoke probation after the sentence has elapsed." State v. Watkins, 972 S.W.2d 703, 704 (Tenn. Crim. App. 1998).

In the present appeal, the defendant received consecutive sentences of two years for Case Number 00-02766 (theft of property over $500, a Class E felony) and three years for Case Number 00-02767 (theft of property over $1000, a Class D felony). The statutory maximums for convictions of these classes are six years and twelve years respectively. See Tenn. Code Ann. § 40-35-112(c)(4)-(5) (2003). Thus, the trial court had authority to place the defendant on supervised probation for up to eighteen years, doing so instead for five years, albeit four months and ten days after the defendant's judgments were executed.

The defendant argues that "the record suggests that the two sentences that were ostensibly 'suspended' in the current case had actually expired prior to the revocation of the defendant's probation. In fact, the expiration may have occurred prior to the defendant being placed on probation on January 22, 2002." The defendant offers no evidence that his sentences were in fact expired by the time he was placed on probation. At the revocation hearing, the defendant claimed that his three-year sentence expired in January 2002 with pretrial credits and the work credits he had earned at the Shelby County Correctional Center. However, there is nothing in the record showing that this was the case.[2] Accordingly, the defendant has failed to show that his three-year sentence had expired by January 22, 2002, when he was placed on probation. It is the defendant's duty to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. Tenn. R. App. P. 24(b). When necessary parts of the record are not included on appeal, we must presume that the trial court's ruling was correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We conclude that the defendant was placed on probation for both Case Numbers 00-02766 and 00-02767 until January 21, 2007, and the trial court had authority to revoke this probation on December 16, 2004.

**Revocation of Probation**

For his second issue, the defendant has repackaged his first argument, now arguing that the trial court abused its discretion in revoking his probation because the record "contains no substantial evidence that [he] had not completed his sentence on indictments, 00-02766 and 00-02767, prior to the [S]tate filing their petition to revoke the defendant's suspended sentence."

---

[2]The record does not reflect how the defendant's sentences were structured. Because he claimed during the revocation hearing that he flattened his three-year sentence in January 2002, he apparently believed that he served the three-year sentence before starting his two-year sentence. For ease of writing this opinion, we will accept this assumption.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2003). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

The proof at the revocation hearing showed the defendant was placed on probation until January 21, 2007. As we stated earlier, the record on appeal is devoid of any evidence that these sentences were in fact expired prior to the State's filing its petition to revoke the defendant's sentence. In addition, the defendant acknowledged at the revocation hearing that he was arrested and received a new six-year sentence for robbery while on probation in Case Numbers 00-02766 and 00-02767, which was the basis for the State's petition that the trial court found "well taken." As such, we cannot say the trial court abused its discretion when it revoked the defendant's probation. Accordingly, find this argument to be without merit.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the revocation of the defendant's probation.

_____
ALAN E. GLENN, JUDGE

-5-