# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 10, 2012 Session

## STATE OF TENNESSEE v. SHERRI A. BOGLE

**Direct Appeal from the Circuit Court for Dyer County**
**No. C98-283     Lee Moore, Judge**

---

**No. W2011-01706-CCA-R3-CD  - File July 27, 2012**

---

Defendant, Sherri A. Bogle, appeals from the trial court's order revoking Defendant's probation and requiring her to serve the sentence in incarceration. Defendant argues on appeal that her sentence had expired before the State initiated revocation proceedings. After a thorough review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

James E. Lanier, District Public Defender; and H. Tod Taylor, Assistant Public Defender, Dyersburg, Tennessee, for the appellant, Sherri A. Bogle.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Almost fourteen years ago, on October 20, 1998, Defendant pled guilty to Class D felony theft and received a sentence of two years in the community corrections program for Dyer County. A community corrections violation warrant was filed on December 11, 1998, but Defendant absconded and was not found until 2008. On February 19, 2008, an order was entered by the Dyer County Circuit Court. This order states that Defendant "now agrees to a full revocation of said two (2) year sentence." The February 19, 2008 order is captioned "Consent Order for Furlough." It reflects that Defendant was at that time incarcerated in the

Dyer County Jail, but had been accepted at "Transitions of Dyer County" ("Transitions"), a "long-term facility for women."

The order specifically provided that Defendant would be released fom the Dyer County Jail at 9:00 a.m. on February 20, 2008, to go straight to Transitions, and would immediately return to jail following her release from Transitions. As pertinent to this appeal, the order had the following explicit provision: "Defendant shall receive jail credit during [her] release **only** if she successfully completes the program at *Transitions of Dyer County*."

Another order was entered in the case on November 25, 2008. In that order the trial court recited that although Defendant "graduated" from the Transitions program on November 16, 2008, she relapsed and violated her aftercare requirements and was returned to the Transitions program on November 19, 2008. Further, the order specifically provided that,

> **IT IS, THEREFORE, ORDERED** that this defendant is to be allowed to remain at Transitions of Dyer County pursuant to the original Consent Order for Furlough entered in this cause on February 19, 2008 but she is to receive no jail credit toward her sentence from February 20, 2008 through November 18, 2008.

On June 2, 2009, the trial court entered another order which, after reciting the history of Defendant's case through the November 25, 2008 order, set forth the following,

> **IT FURTHER APPEARING TO THE COURT** that this defendant has now been terminated from the [Transitions] program, without successful completion of the program, and that she did return to the Dyer County Jail on April 30, 2009.

> IT IS, THEREFORE, ORDERED that this defendant is to receive no jail credit toward her sentence from the time that she was absent from the Dyer County Jail pursuant to the Consent Order for Furlough from February 20, 2008 through April 29, 2009.

On June 16, 2009, a probation certificate, regarding Defendant and her conviction in this case, was filed in the Circuit Court Clerk's office. It reflects that Defendant was being placed upon "determinate release" probation on June 16, 2009, and that her two-year sentence would expire November 3, 2010. Defendant and her probation officer signed the certificate. This document is the *only* document in the record which places Defendant on the specific release status of probation. Her initial release into the community was to community

corrections in 1998, and this release status was revoked. For all other time periods since she had pled guilty, she was either on community corrections, absconded while a community corrections violation warrant was pending, in custody of the Dyer County Jail, or furloughed from the county jail while a patient at Transitions.

The probation violation warrant which initiated the proceedings leading to this appeal was filed on June 15, 2010. Defendant was not arrested on the warrant until February 11, 2011. She had moved to Memphis without obtaining prior permission of her probation officer. Defendant later sent the officer a letter advising she had moved to Memphis, but she did not provide her address. This was a violation of her probation. She was also arrested and convicted for the offense of driving on a revoked license, third offense, which was committed while she was on probation.

At the conclusion of the revocation hearing, the trial court made factual findings and ruled that Defendant's probation was revoked and as a result she was ordered to serve the balance of her sentence in confinement. The trial court stated,

THE COURT: Defendant has violated Rule 6 in the terms of her probation, in that she moved to Memphis. She did not tell anyone where she was living. She did tell her probation officer that she had moved, and the circumstances that [Defendant] described was that she moved to a domestic violence shelter but even after she got out of that domestic violence shelter, within three weeks, I think she said, maybe a little longer, she still did not tell her probation officer where she was living. Also, [Defendant] violated another rule, in that she picked up a driving on a revoked driver's license, third offense, to which she pled guilty. So she has violated the terms of her probation. Technical violations or not, they're still violations in terms of probation. Now it goes to whether it should be a complete revocation, or the two-year sentence should be installed. And you go back and look at the facts of the matter. She was on Community Corrections probation. She got taken off because she didn't comply. She went to Transitions not once, but then she went twice. And she was under the – unfortunately she was on some drugs, and she got placed back on probation, and then she violated the

-3-

terms of her probation. I think the original case was in 1998, and we find ourselves, 13 years later, still dealing with what I guess was a two-year sentence. 13 years ago. I find that she has violated the terms of her probation and - - complete revocation and the full sentence is reinstated.

Defendant argues that her sentence had expired before the probation violation warrant was filed on June 15, 2010. She bases this on the assertion that her two-year sentence was reinstated on February 19, 2008, when her original community corrections sentence was revoked. It is correct that another order in addition to the "Consent Order for Furlough" was entered on February 19, 2008. This other order notes that Defendant acknowledged she had violated her community corrections sentence by absconding. The order reflected that Defendant had 148 days of jail credit as of February 19, 2008, and "revoked in full" the community corrections sentence. As noted above, however, on that same date the trial court granted Defendant a *furlough* from jail, in order to obtain treatment for her addiction problems. She was not placed on probation. Neither was she receiving jail credits or sentence credits during the time period that she was furloughed from serving her sentence in jail.

Normally a defendant's sentence will expire after she has completed service of the sentence in custody or after the probationary period has expired without violation. *State v. Chapman*, 977 S.W.2d 122, 125-26 (Tenn. Crim. App. 1997); *State v. Watkins*, 972 S.W.2d 703, 704 (Tenn. Crim. App. 1998). Defendant correctly argues that it is the filing of a probation violation *warrant*, and not just a probation violation *report*, that tolls the running of time during a period of probation. *State v. Anthony*, 109 S.W.3d 377, 381-82 (Tenn. Crim. App. 2001). Defendant argues that since her two-year sentence was reinstated on February 19, 2008, with 148 days of jail credit, the violation warrant filed on June 15, 2010, was thus long after her two-year sentence had expired. Defendant's argument is misplaced. She was furloughed from her sentence from February 20, 2008, through April 29, 2009. She was not serving her sentence either by incarceration or by probation. Defendant acknowledged this by signing the consent order for furlough on February 19, 2008 and by signing the probation certificate on June 16, 2009, when she was finally, and for the first time, placed on probation.

If the trial court determines that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with [Tennessee Code Annotated] § 40-35-310." Tenn. Code Ann. § 40-35-311(e). The revocation of probation lies within the sound discretion of the trial court. Tenn. Code Ann. § 40-35-310;

-4-

*State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The appellate courts have a limited scope of review. In order to show that a trial judge abused her discretion by revoking probation, the defendant must show that the record lacks substantial evidence supporting the trial judge's conclusion that a probation violation occurred and that because of the violation, probation should be revoked. *See Harkins*, 811 S.W.2d at 82.

There is no question that the State provided overwhelming proof that Defendant violated rules of her probation by absconding and by committing the criminal offense of driving on a revoked license, third offense. As to whether the sentence had expired prior to June 15, 2010, when the probation violation warrant was filed, we conclude that it had not expired. Tennessee Code Annotated section 40-35-316(a) provides in part that,

> In any case in which a defendant has been sentenced to a local jail or workhouse or is at a local jail or workhouse subject to the provisions of § 40-35-212, the sentencing court shall have jurisdiction to grant furlough for any medical, penological, rehabilitative or humane reason, *upon conditions to be set by the sentencing court.*

(emphasis added)

One of the conditions of Defendant's furlough was that she had to successfully complete the program at Transitions in order to receive jail time credits for her time spent at the rehabilitative facility. Since she was never on probation while she was a patient at Transitions, the *only* way the sentence could be "running" (for Defendant's benefit) would be if she was ultimately granted jail credits. She failed to obtain the jail credits. Defendant did not appeal the orders which sanctified Defendant's failure to receive jail credits, and they have all become final orders.

The sentence of probation had not expired prior to when the probation violation warrant was filed. Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE