IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2012

## TIMOTHY L. MORTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 11-CR-9635    R. Lee Moore, Jr., Judge**

_____

**No. W2011-02632-CCA-R3-HC  - Filed September 20, 2012**

_____

The Petitioner, Timothy L. Morton, appeals the Lake County Circuit Court's summary dismissal of his three petitions for writ of habeas corpus and its denial of his motion to reinstate these petitions, wherein he alleged that the trial court's judgment revoking his probation and ordering his one-year sentence for DUI, fourth offense, and two-year sentence for driving in violation of the Motor Vehicle Habitual Offenders Act (MVHOA) into execution is void. Upon review, we affirm the judgments summarily dismissing the petitions for habeas corpus relief and denying the motion for reinstatement of the petitions for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Timothy L. Morton, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Senior Counsel; C. Phillip Bivens, District Attorney General; and Kelly A. Lawrence, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

**Background.** The Petitioner, Timothy L. Morton, entered guilty pleas to DUI, fourth offense and driving in violation of the MVHOA, Class E felonies, on August 9, 2010. Pursuant to his plea agreement, the Petitioner was sentenced as a Range II, multiple offender to a one-year sentence for the DUI, fourth offense, to be served on probation after he was given jail credit for the 150 days of incarceration ordered by the trial court and to a consecutive a two-year sentence for the driving in violation of the MVHOA offense to be

served on probation, for an effective sentence of three years on probation. On March 22, 2011, the trial court revoked the Petitioner's probationary sentences for DUI, fourth offense, and driving in violation of the MVHOA and ordered into execution his effective sentence of three years. The Petitioner filed a direct appeal claiming that the trial court had abused its discretion in revoking his probation and ordering his sentences into execution, and this court affirmed the trial court's judgment. State v. Timothy L. Morton, No. M2011-00876-CCA-R3-CD, 2012 WL 1080480, at *1 (Tenn. Crim. App. Mar. 30, 2012).

On October 18, 2011, the Petitioner filed his first petition for writ of habeas corpus in the Lake County Criminal Court, alleging that the trial court's judgment revoking his probation and ordering his one-year sentence for DUI, fourth offense, and two-year sentence for driving in violation of the MVHOA into execution is void. On November 4, 2011, the habeas corpus court summarily dismissed his petition because the Petitioner failed to verify the petition by affidavit and failed to attach the pertinent judgment forms.

On November 7, 2011, the Petitioner filed a second petition for writ of habeas corpus, again alleging that the trial court's judgment revoking his probation and ordering his one-year sentence for DUI, fourth offense, and two-year sentence for driving in violation of the MVHOA into execution is void. He also alleged for the first time that he was given jail credits for a period of incarceration from February 25, 2011, to March 22, 2011, pursuant to the March 22, 2011 probation revocation order.

On November 15, 2011, the Petitioner filed a motion entitled "Reinstatement of Writ of Habeas Corpus." In this motion, the Petitioner attached a third petition for writ of habeas corpus, separately filed by the Lake County Circuit Court clerk's office on November 15, 2011, which was identical in substance to his second petition. The Petitioner also attached judgment forms for his guilty pleas to DUI, fourth offense, and driving in violation of the MVHOA, which were entered on August 9, 2010; a copy of the March 22, 2011 probation revocation order; copies of the Tennessee Offender Management Information System (TOMIS) reports for the aforementioned convictions; and a notarized affidavit verifying the petition. In the motion, the Petitioner alleged that the trial court's judgment revoking his probation and ordering his one-year sentence for DUI, fourth offense, and two-year sentence for driving in violation of the MVHOA into execution is void because he claimed he completed the sentence for the DUI, fourth offense, prior to the issuance of the probation revocation warrant on February 25, 2011. He also alleged that the number of street time credits stated in the TOMIS report for the DUI, fourth offense, was incorrect because it differed from the periods of jail credit stated in the March 22, 2011 probation revocation order.

On November 21, 2011, the trial court filed an order summarily dismissing the second petition filed on November 7, 2011, on the grounds that the Petitioner failed to verify the petition by affidavit and failed to attach the relevant judgments forms. On December 5, 2011, the trial court filed an order denying the Petitioner's motion to reinstate the petitions for writ of habeas corpus on the following grounds: (1) there was no basis to reinstate the properly dismissed habeas corpus petitions, (2) the Petitioner failed to raise any issue in his motion for which habeas corpus relief was available, and (3) even if the petitions were reinstated, the Petitioner failed to state a cognizable claim for habeas corpus relief. The Petitioner then filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner alleges that the trial court's judgment revoking his probation and ordering his one-year sentence for DUI, fourth offense, and two-year sentence for driving in violation of the MVHOA into execution is void because he claims he completed the sentence for the DUI, fourth offense, prior to the issuance of the probation revocation warrant on February 25, 2011. He claims that the trial court improperly revoked his one-year sentence for DUI, fourth offense, when it revoked his two-year sentence for driving in violation of the MVHOA, which resulted in the trial court ordering into execution his original effective sentence of three years. In addition, he alleges that his due process rights were violated by his appearance at the Board of Parole for a three-year sentence, rather than a two-year sentence. Finally, he claims that the calculation of his jail credits for the DUI, fourth offense, was incorrect. In response, the State argues that the habeas corpus court did not err in summarily dismissing the petitions. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of

a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64)). However, as the Tennessee Supreme Court stated in Hickman v. State:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see Summers, 212 S.W.3d at 256 (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b) (2006). A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements. Id.

Here, the Petitioner did not fulfill the procedural requirement in Tennessee Code Annotated section 29-21-107(a) because he failed to verify by affidavit his first and second petitions. In addition, the Petitioner did not fulfill the procedural requirement in Tennessee Code Annotated section 29-21-107(b)(2) because he failed to attach to his first and second petitions copies of the judgments that were the cause of his restraint. Accordingly, the habeas corpus court could have dismissed these petitions based on these grounds alone. See id. § 29-21-107(a), (b)(2); Summers, 212 S.W.3d at 259.

Notwithstanding the Petitioner's failure to follow the aforementioned procedural requirements, we conclude that the habeas corpus court properly dismissed the petitions, as well as the motion for reinstatement of the habeas corpus petitions, because they failed to state a cognizable claim for habeas corpus relief. First, the Petitioner alleges that the trial court's judgment revoking his probation and ordering his one-year sentence for DUI, fourth offense, and two-year sentence for driving in violation of the MVHOA into execution is void because he claims he completed the sentence for the DUI, fourth offense, prior to the issuance of the probation revocation warrant on February 25, 2011. He claims that the trial court improperly revoked his one-year sentence for DUI, fourth offense, when it revoked his two-year sentence for driving in violation of the MVHOA, which resulted in the trial court ordering into execution his original effective sentence of three years.

Here, the judgment form shows that the Petitioner was ordered to serve one year of probation on the DUI, fourth offense, beginning on August 9, 2010. Based on the record, this one-year probationary sentence did not expire until August 9, 2011. Because the probation revocation warrant was issued on February 25, 2011, the Petitioner's one-year probationary sentence had not expired at the time the probation revocation warrant was issued.

Because the judgment revoking the Petitioner's probation is facially valid and the limited appellate record provided by the Petitioner does not show that this judgment is void, we conclude that the Petitioner's claim is not a cognizable claim for habeas corpus relief. See Wyatt, 24 S.W.3d at 322 (Tenn. 2000) (stating that habeas corpus relief "is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired"). Moreover, we note that the Petitioner failed to include a copy of the transcript from the probation revocation hearing. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

Interestingly, the Petitioner cites State v. Watkins, 972 S.W.2d 703 (Tenn. Crim. App. 1998), in support of his argument that the trial court's judgment revoking his probation and ordering his one-year sentence for DUI, fourth offense, and two-year sentence for driving in violation of the MVHOA into execution is void because his sentence for the DUI, fourth offense, had expired at the time that the February 25, 2011, probation violation warrant was issued. In Watkins, the defendant was convicted of two Class A misdemeanors. Id. at 704. After awarding jail credit in the amount of five months and eight days for one of the convictions, the court imposed consecutive sentences of eleven months and twenty-nine days to be served on probation. Id. The certified question of law for review was "whether the probationary term had expired prior to the commencement of the revocation proceeding." Id. Initially, this court noted that the defendant could not be sentenced to a term longer than eleven months and twenty-nine days for each of the Class A misdemeanors. Id. at 705 (citing T.C.A. § 40-35-111(e)(1)). Ultimately, this court concluded that "[b]ecause the sentence of the defendant began at the time he was placed in jail, the trial court had no authority to revoke probation after each of the two consecutive eleven-month, twenty- nine-day sentences had expired." Id. at 705-06. In a footnote, the court also noted that even if both of the consecutive sentences of eleven months and twenty-nine days had been proper, the first sentence would have expired prior to issuance of the probation violation warrant, thereby

resulting in revocation of only the second of the two sentences. Id. at 706 n.1 (citing State v. Jeffrey D. Hunter, No. 01C01-9608-CC-00334, 1997 WL 672650 (Tenn. Crim. App., at Nashville, Oct. 30, 1997), aff'd, 1 S.W.3d 643 (Tenn. 1999)).

In the instant case, the Petitioner was sentenced as a Range II, multiple offender to a one-year sentence for the DUI, fourth offense, to be served on probation after he was awarded 283 days of jail credit for the 150 days of incarceration ordered by the trial court and to a consecutive a two-year sentence for the driving in violation of the MVHOA offense to be served on probation, for an effective sentence of three years on probation. Unlike in Watkins, the Petitioner's sentence for the DUI, fourth offense, was not void because the court had the authority to award him 283 days of jail credit and to impose a one-year probationary sentence. See T.C.A. § 40-35-112(b)(5) (stating that a Range II sentence for a Class E felony is two to four years); § 40-35-111(b)(5) (stating that the statutorily authorized sentence for a Class E felony is not less than one year nor more than six years); Hoover v. State, 215 S.W.3d 776, 779 (Tenn. 2007) (concluding that although the defendant's plea bargained sentence was "outside the parameters of Range I offenders," the sentence was "well within the overall punishment range authorized for Class A felony offenses"). Because the probation violation warrant was issued on February 25, 2011, more than five months before the expiration of the sentence for the DUI, fourth offense, the Petitioner is not entitled to relief pursuant to Watkins.

Second, the Petitioner alleges that his due process rights were violated by his appearance at the Board of Parole for a three-year sentence, rather than a two-year sentence. We also conclude that this claim is not a cognizable claim for habeas corpus relief. See Summers, 212 S.W.3d at 261 (stating that "the habeas corpus statutes are for the purpose of challenging a void judgment" while "a post-conviction petition may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights"); Smith v. Hesson, 63 S.W.3d 725, 728 (Tenn. Ct. App. 2001) (stating that an allegation of a due process violation is not a cognizable claim for habeas corpus relief); Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (reiterating that constitutional challenges to convictions should be made in a post-conviction proceeding, rather than a habeas corpus proceeding). Finally, the Petitioner claims that the calculation of his jail credits for the DUI, fourth offense, was incorrect. However, this claim is also not a cognizable claim for habeas corpus relief. See State v. Bobby Blackmon, No. M2002-00612-CCA-R3-CO, 2003 WL 21250809, at *1 (Tenn. Crim. App. May 30, 2003) (holding that "a dispute over the award of jail credit is not proper for habeas review since even if the appellant is correct his sentence would not be void nor would it have expired"), perm. app. denied. (Tenn. Oct. 6, 2003); Don L. Hancock v. State, No. 01C01-9710-CR-00489, 1998 WL 453682, at *1 (Tenn. Crim. App. July 30, 1998) (stating that "complaints regarding sentence credit miscalculations that relate to release eligibility short of full service

of the sentence do not warrant habeas corpus relief"), perm. app. denied (Tenn. Feb. 16, 1999).

We also agree with the State that the Petitioner failed to establish that his three-year sentence in the Tennessee Department of Correction has expired. The judgments show that the Petitioner entered guilty pleas to DUI, fourth offense, and driving in violation of the MVHOA on August 9, 2010. He received a one-year sentence for the DUI offense to be served on probation after he was given jail credit for the 150 days of incarceration imposed and a consecutive two-year sentence for the violation of the MVHOA offense to be served on probation, for an effective sentence of three years on probation. At the time that these judgments were entered, the trial court awarded the Petitioner 283 days of pretrial jail credit before giving him time served for the 150 days of incarceration imposed for the DUI conviction. The Petitioner's probation was subsequently revoked on March 22, 2011, and the trial court ordered into execution the Petitioner's original effective sentence of three years. Pursuant to the probation revocation order, the Petitioner was awarded the 283 pretrial jail credits as well as 42 additional days jail credit for time served, for a total of 325 days of jail credit. A three-year sentence totals 1,095 days. From the March 22, 2011 probation revocation order to the date that the Petitioner filed his brief, the Petitioner served a total of 351 days on his three-year sentence. Taking into account his jail credit of 325 days as well as the 351 days that he served prior to filing his brief, the Petitioner had 419 days remaining on his three-year sentence. Accordingly, the Petitioner's sentence has not expired, and he is not entitled to habeas corpus relief on this basis.

The Petitioner has not established that the trial court's judgment is void or that his sentence has expired. Accordingly, the habeas corpus court's summary dismissal of the petitions for habeas corpus relief and denial of the motion for reinstatement of the petitions for habeas corpus relief was proper.

## CONCLUSION

We affirm the summary dismissal of the petitions for writ of habeas corpus and the denial of the motion for reinstatement of the petitions for habeas corpus relief.

_____
CAMILLE R. McMULLEN, JUDGE