**Nassar MAJEED, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, Nashville.

June 26, 1981.

Permission to Appeal Denied by Supreme Court Aug. 31, 1981.

Suellen Wideman, Asst. Public Defender, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., James A. DeLanis, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Jack Seaman, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DUNCAN, Judge.

The issue in this appeal is whether an escapee is entitled to credit on either his escape sentence, or on his original sentence for jail time served in another state while awaiting trial on charges brought by that other state. We hold that he is not.

On June 26, 1978, the defendant, Nassar Majeed, was committed to the custody of the Tennessee Department of Corrections to serve a burglary sentence of not less than three (3) years nor more than five (5) years. He escaped from Tennessee custody on February 14, 1979. He was arrested on May 15, 1979, in Georgia and charged with a theft-related offense, and after being acquitted of that charge, he was taken to Florida on July 1, 1979, to face two (2) burglary charges brought against him by that state. On July 2, 1979, bonds were set by the Florida authorities on those charges but apparently, the defendant was unable to make those bonds. On September 18, 1979, Tennessee filed with the Florida authorities an escape warrant as a detainer against the defendant. On January 30, 1980, the defendant was found not guilty of the Florida charges. Subsequently, the defendant waived extradition and on February 10, 1980, he was returned to the custody of the Tennessee authorities. On October 15, 1980, the defendant pled guilty to his Tennessee escape charge and received a sentence of not less than nor more than one (1) year, to be served consecutive, as required by T.C.A. § 39–3802 (1975), to his original sentence. At that time, and later in ruling on a motion to reconsider, the trial court denied the defendant's request for jail time credit for the time he spent incarcerated in the Florida jail while awaiting trial on the Florida charges.

It appears that after the defendant was returned to Tennessee custody on February 10, 1980, he was re-incarcerated in the penitentiary to continue serving his original sentence and was given jail time credit of eleven (11) days for the time spent in the Florida jail from the time he waived extradition until he was returned to Tennessee custody.

In his brief the defendant argues that the trial court should have given him credit, either on his escape sentence or on his original sentence, for the time he served in the Florida jail. He predicates this argument on the theory that had he been financially able to post bonds on his Florida charges, he could have returned to Tennessee for a resumption of his sentence while awaiting his Florida trial date. Thus, he argues that because of his indigent status, he was unable to do this and therefore the denial of this jail credit has abridged his constitutional due process rights.

The defendant argues that if he had been financially able to make his Florida

bonds, he would have returned to Tennessee and would have voluntarily turned himself in to resume his sentence. This is not a tenable argument. The possibility that this escapee would have so acted is so remote as to be nonexistent. Assuming *arguendo* that he would have, he offers no explanation as to how he could have met the future obligations of his Florida appearance bonds. Obviously, he could not have done so because he would have been in confinement in Tennessee. Moreover, even if he had been able to post appearance bonds in Florida, it is elementary that the obligations of such bonds would have required him to remain in the jurisdiction of the Florida court until those charges had been resolved.

Further, we point out there is no evidence in this record to show that at the time the Florida bonds were set on July 2, 1979, the Florida authorities were aware that the defendant was an escapee from Tennessee. Likewise, the record lacks proof showing that the Florida authorities would have allowed the defendant to post bonds when they later learned that he was an escapee. In either event, the obvious answer is that they would not have allowed him to post bonds once they learned that he was an escapee.

■ Since the foregoing would have been applicable to any defendant regardless of his financial status, the defendant's complaint that he is somehow being constitutionally deprived because of his indigency status is not a meritorious complaint.

In our opinion, the defendant has received all of the jail time credit due him under the law. T.C.A. § 40–3102 (Supp. 1980) provides:

> The trial court shall, at the time the sentence is imposed and the defendant committed to jail, the workhouse, or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on his sentence for any period of time for which he was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending his arraignment and trial. The defendant shall also receive credit on his sentence for the time he served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which he was tried.

■ Thus, the language of this statute is clear that only time served "pending arraignment and trial," at the hands of the State should be credited. Likewise, after conviction, only time served "arising out of" the original offense shall be credited.

■ In applying the language of this statute to the facts of the present case, we conclude that it cannot be legitimately argued that the defendant's jail time in Florida should be credited on his Tennessee escape sentence. He was not "committed and held" in Florida regarding this escape charge, except for the eleven (11) day interim between the disposition of the Florida charges and his return to Tennessee, and he has been credited for that time.

Also, aside from the serious question as to whether the trial court would even have the necessary jurisdiction to credit in these proceedings the defendant's Florida time towards his original burglary sentence, we hasten to point out that the second prong of T.C.A. § 40–3102 (Supp.1980) would not permit the credit to be applied to the defendant's original burglary sentence because he was incarcerated in Florida on charges brought by that state and not for any reason "arising out of" his original burglary offense.

Thus, since the defendant's incarceration in Florida was due to charges brought by that state and not for any reason arising out of or related in any manner to his Tennessee charges, we hold that the trial court properly denied him credit on either of his sentences for the questioned time spent in Florida custody.

We affirm the judgment of the trial court.

DWYER and O'BRIEN, JJ., concur.