# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1999 SESSION

**FILED**

**December 20, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| Appellee, | ) | )C.C.A. NO. W1999-01914-CCA-R3-CD |
| | ) | |
| VS. | ) | **HARDIN COUNTY** |
| | ) | |
| **PERCY FARRIS,** | ) | **HON. C. CREED McGINLEY, JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**ED NEAL McDANIEL**                    **PAUL G. SUMMERS**
618 Main St.                           Attorney General & Reporter
Savannah, TN 38372

                                       **J. ROSS DYER**
                                       Asst. Attorney General
                                       425 Fifth Ave.., North
                                       Nashville, TN  37243

                                       **ROBERT "GUS" RADFORD**
                                       District Attorney General

                                       **JOHN W. OVERTON, JR.**
                                       Asst. District Attorney General
                                       P. O. Box 484
                                       Savannah, TN 38372

ORDER FILED:_____

**AFFIRMED - RULE 20**

**JOHN H. PEAY,**
Judge

# O R D E R

The defendant was convicted, on his guilty plea, of delivery of under five grams of cocaine. He received an agreed sentence of three years as a Range I standard offender. The manner of service was reserved for determination by the trial judge who refused to grant alternative sentencing.

In this appeal, the defendant contends that he was entitled to alternative sentencing and that he should have been given credit for the time he served in the state of Kentucky after a detainer was placed against him by Tennessee authorities. We find the issues to be without merit.

The proof submitted at the sentencing hearing supports the trial judge's findings that the defendant had been arrested and convicted of another felony drug offense after his arrest on the instant charge, and that this indicated a continuing pattern for violating the drug laws. The trial court also found that the defendant was "not candid and truthful", that he had continued to use drugs, and was unemployed, all of which indicated to the trial court that the defendant lacked amenability to correction.

Further, the defendant cites no authority for his proposition that he is entitled to credit for the time spent in the Kentucky penal system. The case law in this state holds otherwise. See Majeed v. State, 621 S.W.2d 153, 155 (Tenn. Crim. App. 1981).

Finding the defendant's issues to be without merit, we affirm the trial court's denial of alternative sentencing and denial of credit for service in another state pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
NORMA M. OGLE, Judge


_____
ALAN E. GLENN, Judge

3