# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. FREDERICK CAVITT

**Direct Appeal from the Criminal Court for Carter County**
**No. 10081     Robert E. Cupp, Trial Judge**

---

**No. E1999-00304-CCA-R3-CD - Decided July 13, 2000**

---

While incarcerated in the Tennessee Department of Correction, the defendant was indicted for aggravated assault, pled guilty to the lesser included offense of simple assault, and received a sentence of eleven months and twenty-nine days.  The defendant moved for pretrial jail credits, in the amount of three hundred and twenty-one days, calculated from the day the arrest warrant was served to the day the judgment was entered.  We conclude that the defendant is not entitled to the claimed jail credits and therefore affirm the trial court's order dismissing the defendant's Motion to Modify Judgment to Reflect Jail Credits.  We modify the sentence to indicate service in either the Carter County Jail or workhouse.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified

WILLIAMS, J., delivered the opinion of the court, in which WOODALL and GLENN, JJ., joined.

Frederick Cavitt, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter, R. Stephen Jobe, Assistant Attorney General, Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Introduction

The defendant, Frederick Cavitt, was serving a sentence in the Tennessee Department of Correction (TDOC) when he was served with an arrest warrant for aggravated assault.  He pled guilty to the lesser charge of simple assault, and he now claims that Tenn. Code Ann. § 40-23-101(c)[1] mandates application of pretrial jail credits against that misdemeanor sentence.  The trial

---

[1]  While the defendant's brief asserts that § 40-23-101(b) is the applicable statute, his claim invokes Tenn. Code Ann. § 40-23-101(c).

court dismissed the defendant's pro se Motion to Modify Judgment to Reflect Jail Credits after concluding that the statute was inapplicable under these circumstances. After review, we affirm.

## Background

The record is scanty. In June 1991, while incarcerated at Brushy Mountain Prison, the defendant was served with an arrest warrant from the General Sessions Court of Carter County for committing aggravated assault against Herbert R. Garrett.[2] The Carter County Grand Jury returned a true bill for the aggravated assault charge, and the defendant pled guilty to simple assault on May 4, 1992. The trial court sentenced him to eleven months and twenty-nine days, to be served in TDOC consecutively to his prior sentence.

On June 28, 1999, the defendant filed a pro se Motion to Modify Judgment to Reflect Jail Credits in the Carter County Criminal/Circuit Court. In this motion, the defendant claimed approximately three hundred and twenty-one days of pretrial jail credit, from the date of service of the arrest warrant up to the date of entry of the judgment.

In its order denying the motion, the trial court concluded that Tenn. Code Ann. § 40-23-101 did not secure credits for the defendant's incarceration on a separate and unrelated offense. The trial court granted nine days of jail credit, reflecting the interval that the Carter County Sheriff's Office had held the defendant during the pendency of the aggravated assault proceedings. From that order, the defendant appeals.

## Analysis

### *Jurisdiction*

The defendant's eligibility for sentencing credits is a function of the language of the statutes creating, authorizing, or defining such credits. "When an accused is taken into custody by the state, Tennessee is required to credit the sentence with the time served in the jail pending arraignment and trial as well as the time subsequent to any conviction arising out of the original offense for which he was tried." State v Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997). Awarding of these credits is mandatory. See Stubbs v. State, 393 S.W.2d 150 (Tenn. 1965).

A trial court generally loses jurisdiction over a sentence after an inmate is in the custody of TDOC. See Tenn. Code Ann. § 40-35-212(d). An inmate should address sentence reduction credits concerns through the Uniform Administrative Procedures Act (APA). See Tenn. Code

---

[2] The record does not establish why the defendant was originally incarcerated, but in May 1991, he was found guilty, after an administrative hearing, of assaulting a corrections officer. This administrative finding altered his release eligibility, and the defendant contested that outcome in an appeal unrelated to the instant appeal. See Frederick Wayne Cavitt v. Tennessee Dep't of Correction, No. 01A01-9712-CH-00713 (Tenn. Ct. App. filed April 23, 1999, at Nashville).

Ann. § 4-5-101 to -325; Henry, 946 S.W.2d at 834. Should the inmate still be aggrieved, the Chancery Court of Davidson County provides the next level of recourse. See Tenn. Code Ann. § 4-5-322(b)(1).

This general rule is not absolute. If the state and petitioner agree that a defendant is entitled to pretrial credits, see Matthew P. Finlaw v. Anderson County Jail, No. 03C01-9212-CR-00448 (Tenn. Crim. App. filed Aug. 13, 1993, at Knoxville); State v. Christopher Oliver, No. 03C01-9212-CR-00447 (Tenn. Crim. App. filed May 11, 1993, at Knoxville), or if a trial court calculates pretrial jail credits after a reversal and remand from an appellate court, see Henry, 946 S.W.2d at 834, those situations constitute "unique circumstances which authorize the trial court to entertain requests for declaration of proper sentence credits." Id. Under some circumstances, "the trial court is certainly in the best position to calculate pretrial jail credits." Id. In the instant case, the defendant, convicted and sentenced for a misdemeanor offense, should have been sentenced to service in the county jail or workhouse. See Tenn. Code Ann. § 40-35-104(c)(4) - (6). A trial court does not lose all jurisdiction over a defendant so convicted and incarcerated but rather may reduce or modify the sentence during the term of service. See Tenn. Code Ann. § 40-35-314(c). Therefore, we conclude that the trial court could properly determine the jail credits applicable to the misdemeanor sentence. We amend the judgment, however, to reflect service of the sentence in either the Carter County Jail or workhouse. See State v. Smith, 891 S.W.2d 922, 933-34 (Tenn. Crim. App. 1994).

### *Relevance of the Statute*

The trial court concluded that the invoked statute simply did not apply. Tenn. Code Ann. § 40-23-101(b) addresses disparity between a person of means who can make bond, and financially challenged persons who would remain incarcerated during the pendency of a criminal prosecution. See State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). This Court has repeatedly held that § 40-23-101(c) provides for credits against the sentence only if the incarceration, claimed as a basis for the credits, arises from the offense for which the sentence was imposed. The statute does not secure pretrial jail credits when a defendant: (1) confined in Federal Prison on separate federal convictions is tried and found guilty of a Tennessee state charge; (2) is convicted and incarcerated in another state after escaping the Tennessee prison system; or (3) escapes confinement in Tennessee, is arrested and acquitted of charges in another state, and resists extradition back to Tennessee for nearly one year. See Abernathy, 649 S.W.2d at 285-86; Majeed v. State, 621 S.W.2d 153, 154-55 (Tenn. Crim. App. 1981); Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense against which the claim is credited that such allowance becomes a matter of right." Trigg, 523 S.W.2d at 376.

"Double-dipping" for credits from a period of continuous confinement in this state for two separate and unrelated charges has been rejected by this Court. In Christopher Johnson v. Tennessee Department of Correction, No. 95-2065-II (Tenn. Ct. App. filed Aug. 7, 1996), the defendant was arrested, tried and convicted for burglary, and sentenced to fifteen years. At a subsequent and separate trial, the jury found him guilty of another charge of second degree burglary, and the trial court imposed a ten-year sentence to be served consecutively to the original sentence, for a total

effective sentence of twenty-five years.  The defendant remained incarcerated throughout the two trials and convictions and was transferred to the penitentiary on May 3, 1998.  A panel of this Court concluded that the statute did not secure jail credits against both sentences from the defendant's incarceration.  <u>See</u> <u>also</u> <u>State v. Timothy S. Bradley</u>, No. 01C01-9804-CC-00165 (Tenn. Crim. App. filed Mar. 23, 1999, at Nashville) (The defendant, convicted of and imprisoned for an offense, would not have been released on bond while awaiting trial on a separate, unrelated charge.).

## Conclusion

In the instant case, the defendant, while serving time in TDOC for a prior felony conviction, was served with an arrest warrant for a separate and unrelated offense.  He is not entitled to pretrial jail credits for his time served on the prior felony conviction.  The judgment of the trial court is affirmed but modified to show service in the Carter County Jail or workhouse.

-4-