IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 2, 2016


**DAVID REED v. STATE OF TENNESSEE**


**Appeal from the Circuit Court for Lauderdale County**
**No. 6850     Joe H. Walker, III, Judge**

_____


**No. W2015-01441-CCA-R3-HC  -  Filed July 22, 2016**

_____


The petitioner seeks habeas corpus relief, alleging that he is imprisoned despite the fact that his sentence has expired. The crux of the petitioner's argument is that his two-and-one-half-year sentence for burglary was to be served prior to his two-year sentence for vandalism and that the burglary sentence therefore expired prior to the time he violated his probation. He also disputes the award of sentencing credits. Because the face of the record shows that the petitioner's sentence for burglary was to be served after his sentence for vandalism and that the probationary period had not expired at the time of revocation, we conclude that the habeas corpus court properly dismissed the petition, and we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J. delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

David Reed, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

On July 12, 2010, the petitioner pled guilty to one count of burglary, a Class D felony, one count of vandalism of property worth $500 or more but less than $1,000, a Class E felony, and one count of evading arrest, a Class E felony. The petitioner was given a sentence of two and one-half years for the burglary conviction, two years for the vandalism conviction, and two years for the evading arrest conviction. The petitioner's burglary and vandalism sentences were to be served consecutively to one another, while the evading arrest sentence was concurrent with all counts. The petitioner was granted probation on all counts.

After successfully serving more than two and one-half years but less than four and one-half years on probation, the petitioner was arrested for shooting two people in Mississippi. A warrant was issued on January 8, 2014, alleging that he had violated the terms of his probation. The petitioner's probation was revoked, but the order revoking the petitioner's probation is not part of the record. However, the record contains a copy of an "Order Amending Probation Revocation Order" filed December 30, 2014, apparently in response to the petitioner's December 23, 2014, "Motion for Review of Sentence," which requested the trial court to review his sentence based on the assertion that the burglary sentence had expired while the petitioner was on probation.

In its order, the trial court found that the petitioner's probation had been revoked on October 24, 2014. The trial court concluded, however, that the revocation order should be amended to reflect the fact that the petitioner's two-year sentence for vandalism had already expired and that the only sentence in effect at the time of the revocation was the two-and-one-half-year burglary sentence. In determining that the burglary sentence was still in effect at the time of the revocation, the trial court noted that it had reviewed the record, and it found that, "[p]er the agreement," the sentence in Count 1 for burglary was to be served after the sentence in Count 2 for vandalism. As the State points out, the petitioner has also filed a Rule 36.1 motion to correct an illegal sentence, which the trial court denied and which the petitioner has separately appealed. The technical record in the appeal of that decision reflects that the trial court, in an effort to clarify the order in which the petitioner's sentences were meant to be served, filed a corrected judgment sheet in Count 2 on December 30, 2014.[1]  *See State v. David Reed*,

---

[1] We presume that the trial court filed this corrected judgment form in response to the petitioner's "Motion for Review of Sentence" and under Tennessee Rule of Criminal Procedure 36, which permits the trial court, after giving any notice it considers appropriate, to correct

No. W2015-01740-CCA-R3-CD, 2016 WL 1223409 (Tenn. Crim. App. Mar. 29, 2016), *no perm. app. filed.*[2]

The petitioner filed a petition for the writ of habeas corpus on July 10, 2015. The petitioner attached the original judgment sheets, which show that Count 1 was ordered to run consecutively to Count 2 and that Count 2 was ordered to run consecutively to Count 1. The order that the sentences would be served is not specified. The plea hearing and plea agreement are not a part of the record. The probation order indicates that the vandalism sentence in Count 2 was consecutive to the burglary sentence in Count 1.

The petitioner primarily asserts that the trial court erred in finding that his two-year vandalism sentence was to be served prior to his two-and-one-half-year burglary sentence. The petitioner argues that the only sentence in effect at the time of the October 24, 2014 revocation was the two-year vandalism sentence. He accordingly argues that he is being held in prison based on a conviction – the burglary – for which the sentence expired two and one-half years after his July 2010 guilty plea.

The petitioner further argues that he should already have been released from prison based on jail credits which he should have been awarded. He asserts that he served over two hundred days in confinement in Mississippi before he was removed to Tennessee for his revocation hearing and that he continued in confinement until he was transferred to the Tennessee Department of Correction in November 2014. He argues that the time he was held in a Mississippi prison prior to his transfer should count toward his service of his Tennessee sentence. He also objects that he was not given "behavior and program" credits, and he contends that the time he spent on probation should operate to reduce the prison time for his second sentence.

On July 16, 2015, the habeas corpus court entered an order summarily dismissing the petition. In doing so, the court found that the petitioner was ordered to serve a sentence of two and one-half years in confinement beginning on October 24, 2014, and that there was nothing to indicate, on the face of the record, that this sentence had expired or was outside the trial court's jurisdiction. The habeas corpus court also concluded that the petitioner had properly received pretrial jail credits for the time he served prior to his

---

clerical mistakes in judgments. The petitioner did not initiate an appeal of that correction as permitted under Rule 36.

[2] We take judicial notice of the technical record in the petitioner's Rule 36.1 appeal, as "those matters pertaining to the records of a court are subject to judicial notice" by that court. *State v. Lawson*, 291 S.W.3d 864, 870 (Tenn. 2009).

guilty plea and that the petitioner's other claims regarding jail credit were not cognizable in a habeas corpus petition.

## ANALYSIS

Article I, section 15 of the Tennessee Constitution provides for the exercise of the writ of habeas corpus. Habeas corpus may be granted to "[a]ny person imprisoned or restrained of liberty." T.C.A. § 29-21-101(a) (2010). The application for the writ must be made by petition, and a copy of "any legal process" under which the petitioner is imprisoned must be annexed to the petition or a satisfactory reason given for its absence. T.C.A. § 29-21-107(b)(2). "These procedural requirements 'are mandatory and must be followed scrupulously.'" *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993)). A petition may be dismissed for failing to comply with the procedural requirements. *Summers*, 212 S.W.3d at 260. The granting or denial of a petition for habeas corpus relief is a question of law reviewed de novo with no presumption of correctness afforded to the trial court's findings or conclusions. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008).

While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Edwards*, 269 S.W.3d at 919 (quoting *Archer*, 851 S.W.2d at 162). In order to merit relief, a petitioner must establish that the challenged judgment is not merely voidable, but void. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A judgment is voidable when it is "facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers*, 212 S.W.3d at 256. A void judgment, on the other hand, is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* "[T]he question of whether a judgment is void 'is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it.'" *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979), *overruled on other grounds by Archer*, 851 S.W.2d at 162-64).

Relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer*, 851 S.W.2d at 164 (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). Habeas corpus is not a mechanism to "correct errors of law or fact committed by a court in the exercise of its jurisdiction." *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (quoting *State ex rel. Holbrook v. Bomar,* 364 S.W.2d 887, 888 (1963)).

4

Certain errors in sentencing may lead to a judgment that is void. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015). Sentencing errors may generally be categorized as clerical, appealable, and fatal. *Id.* Clerical errors are the result of a clerical mistake in filling out the judgment form and are subject to correction under Tennessee Rule of Criminal Procedure 36. *Id.* Appealable errors include challenges to factual findings supporting the sentence and the correctness of the sentencing court's methodology. *Id.* Fatal errors, on the other hand, render a sentence void. *Id.* Sentences are void and may be set aside pursuant to the writ of habeas corpus when they are not authorized by the applicable statutes or when they directly contravene an applicable statute. *Davis*, 313 S.W.3d at 759. Illegal sentences include those imposed pursuant to an inapplicable statutory scheme and sentences not authorized for the offense by any statute. *Id.*

The habeas corpus court has the authority to dismiss the petition if the petition shows that the petitioner "would not be entitled to any relief." T.C.A. § 29-21-109. Accordingly, if the petition fails to establish that the judgment is void, the habeas corpus court is not obligated to hold a hearing on the allegations. *Hogan*, 168 S.W.3d at 755.

## A. Expired Sentence

The petitioner asserts that he is illegally restrained of his liberty because he had already satisfied the burglary sentence of two and one-half years, which he asserts expired during his probation and which is the sentence under which he is currently confined. The petitioner points to the award of pretrial jail credits on Count 1 to indicate that the trial court erred in concluding that Count 2 was to run prior to Count 1. *See Marvin Rainer v. David G. Mills, Warden*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006) ("A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence."). He argues that the trial court lacked jurisdiction to revoke his probation on the burglary sentence, which he claims had already expired. The trial court, however, determined that the plea agreement required the petitioner to serve his sentence for vandalism first and concluded that the vandalism sentence had expired during the probationary period. The plea agreement and hearing are not part of the record. *See State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) ("To determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements.").

In this case, we are not called on to determine if the trial court correctly decided which sentence should be served first (a decision that was not appealed). Instead, our review is limited to determining whether, from the face of the record of the underlying proceedings, it appears that the petitioner's burglary sentence has expired. The judgment documents, as corrected, indicate that the conviction for burglary in Count 1 is to run

5

consecutively to the conviction for vandalism in Count 2. A trial court may not revoke probation after the probationary period has elapsed. *Alder v. State*, 108 S.W.3d 263, 267 (Tenn. Crim. App. 2002) ("Generally, revocation may occur only within the probationary period."). However, when sentences are served consecutively on probation, probation may be revoked for any unexpired sentence. *State v. Anthony*, 109 S.W.3d 377, 381 (Tenn. Crim. App. 2001) (concluding revocation was untimely only as to sentence which had expired prior to the issuance of the warrant). The revocation warrant in this case was issued in January 2014, prior to the time that the probationary period for the consecutive burglary sentence expired. The parties agree that the petitioner's probation was revoked on October 24, 2014, and his burglary sentence of two and one-half years began to run at that time. Accordingly, we conclude that the petitioner has not shown from the face of the record that his sentence is expired.

### B. Sentencing Credits

The petitioner asserts that he is entitled to credit for time he spent in a Mississippi prison prior to the revocation. Tennessee Code Annotated section 40-23-101 provides that the trial court must allow credit for time during which the defendant was held in various types of confinement "pending arraignment and trial." It also directs that the defendant must receive credit for times served subsequent to the conviction and "arising out of the original offense." T.C.A. § 40-23-101. However, the Tennessee Supreme Court has recently held that "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal." *Brown*, 479 S.W.3d at 213. Accordingly, the failure to award pretrial jail credits is not a cognizable claim in habeas corpus. *See id.*

Neither are his other claims regarding the award of jail credits grounds for concluding that his sentence is void. *See Reed*, 2016 WL 1223409, at *2-3 (rejecting the petitioner's Rule 36.1 claims regarding the award of sentence credits). The calculation of release eligibility by the Tennessee Department of Correction is governed by the Uniform Administrative Procedures Act, and is not properly the subject of a habeas corpus action. *Carroll v. Raney*, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993); s*ee Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012). The Administrative Procedures Act is also the proper avenue to address sentence reduction credits when the petitioner is in the custody of the Department of Correction. *State v. Henry*, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997). Accordingly, such claims are not cognizable in habeas corpus. *Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012) (concluding "that claims for post-judgment jail credit are not cognizable habeas corpus claims"). We note parenthetically that jail credits apply only to time served arising out of a particular conviction and that "[t]he time a defendant spends on probation is not counted toward the completion of his or her sentence unless a defendant successfully completes the entire term of probation." *State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999); *see Majeed v.*

*State*, 621 S.W.2d 153, 155 (Tenn. Crim. App. 1981) (concluding that incarceration in another state based on charges brought by that state did not entitle the defendant to sentencing credit). The petitioner's habeas corpus claims regarding sentencing credits were properly dismissed.

## CONCLUSION

Based on the foregoing, the judgment of the habeas corpus court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE