IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 2, 2016 Session

## STATE OF TENNESSEE v. LARENZO JEROME MORGAN, JR.

**Appeal from the Circuit Court for Dyer County**
**No. 09-CR-453A    R. Lee Moore, Jr., Judge**
_____

**No. W2016-00114-CCA-R3-CD  -  Filed September 29, 2016**
_____

The State appeals the Dyer County Circuit Court's order granting Larenzo Jerome Morgan, Jr.'s, request for jail credit toward his Dyer County sentence for time he spent serving a sentence in the Missouri Department of Corrections on Missouri convictions. Because we conclude that the trial court was without authority to award jail credit on the Dyer County sentence for time served on the unrelated Missouri convictions, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Phil Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellant, State of Tennessee.

James E. Lanier, District Public Defender, Patrick McGill and Sean Day, Assistant District Public Defenders, for the appellee, Larenzo Jerome Morgan, Jr.

## OPINION
### I. Factual Background

On June 8, 2010, Larenzo Jerome Morgan, Jr. ("the Defendant") pleaded guilty in Dyer County Circuit Court to Aggravated Burglary and Theft Over $1,000, for which the Defendant was sentenced to concurrent three-year sentences and placed on supervised

probation.[1]  Thereafter, the Defendant's probation was transferred to Missouri.  On August 24, 2010, the Dyer County Circuit Court issued a violation of probation warrant, and following a hearing, the court revoked the Defendant's probation to time served and extended probation for two years.

On July 15, 2014, the Defendant pleaded guilty to Theft/Stealing and Resisting/Interfering with Arrest for a Felony in Pemiscot County, Missouri and was sentenced to concurrent terms of three years' incarceration in the Missouri Department of Corrections.  On December 9, 2014, the Dyer County Circuit Court issued a violation of probation warrant based upon the new convictions and the Defendant's failure to pay court-ordered restitution and costs.  At a probation revocation hearing, Rebecca Cashion with the Tennessee Board of Probation and Parole testified that she filed the December 9 violation of probation report based upon the Defendant's two Pemiscot, Missouri convictions, for which the Defendant received a sentence of three years' incarceration.  Ms. Cashion stated that the Defendant also violated probation by failing to pay fifty dollars a month towards restitution and court costs as ordered by the trial court.  She stated that the Defendant had not made any payments.

The Defendant testified and acknowledged that he had pled guilty to the offenses in Missouri and had served time on those charges.  He explained that he had been in jail since the date of his Missouri guilty plea but that he had been granted parole by Missouri.  He stated that, while incarcerated, he worked on obtaining his GED, went to church, and joined a Bible study.  The Defendant stated that he had a one-year-old son in Missouri and that he planned to return to Missouri after his Dyer County case was resolved.  On cross-examination, the Defendant agreed that he had not paid anything toward the $2,700 restitution, explaining that he had "financial problems."

At the conclusion of the hearing, the trial court found that the Defendant had violated his probation.  The court revoked probation and ordered the Defendant to serve his sentence.  Regarding the issue of jail credit, defense counsel argued that the Defendant's Missouri convictions ran concurrently with his Dyer County case according to Missouri law.  Defense counsel explained that, under Missouri law, if a judgment is silent regarding the alignment of a sentence, then the sentence is to run concurrently with any prior unserved sentence.  Counsel argued that because the Missouri judgments were silent in regards to the Defendant's Dyer County sentence, the trial court should treat the Dyer County sentence as running concurrently with the Missouri sentence.  The State argued that the Defendant was not entitled to Missouri jail credits on his Dyer County

---

[1] The record reflects that the judgment of conviction for Aggravated Burglary was amended on January 24, 2011, to reflect that the sentence for that offense ran consecutively to Dyer County case number 10-CR-163.  It is unclear from the record how the amendment to the judgment came about.

sentence. The State asserted that Missouri "can't tell Tennessee what our credits are" and that, in order for the Defendant to receive jail credit for time served on the Missouri sentence, the Dyer County judgments would have to reflect that the Missouri sentence "was concurrent with this case."

The trial court initially stated that its "inclination . . . was . . . [the Defendant] ought not to get credit[.]" However, noting that the Missouri judgments were silent as to whether the effective three-year sentence imposed in that state was concurrent with the Defendant's Dyer County sentence, the trial court found that there was a presumption "that it is a concurrent sentence." Accordingly, the court awarded the Defendant 494 days of jail credit, including "credit for the time that this defendant was incarcerated in the Missouri Department of Corrections serving the sentence imposed on the Missouri charges from August 5, 2014[,] to August 20, 2015." The State filed this timely appeal.

## II. Analysis

### Rule 3 Appeal

Initially, we note that the State filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. On appeal, the State acknowledges that Rule 3 contains no provision for the State to appeal from the award of sentencing credits. However, the State asks this court to accept its improperly filed Rule 3 appeal under the common law writ of certiorari or, alternatively, to exercise its authority to suspend the Rules of Appellate Procedure and consider the merits of the appeal. The State contends that there is no support in the law for the trial court's award of jail credits in this case and that the trial court's ruling is "fundamentally illegal" and a "plain and palpable abuse of discretion."

Rule 3 of the Tennessee Rules of Appellate Procedure provides:

In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

3

Tenn. R. App. P. 3(c).  Thus, the plain language of the statute allows the State an appeal in only six limited circumstances, to the exclusion of all others.  State v. Adler, 92 S.W.3d 397, 400 (Tenn. 2002).  The instant appeal does not fall under any of the circumstances available for a direct appeal by the State.  Therefore, we conclude that the instant case does not fall within the purview of Rule 3.

Writ of Certiorari

In certain instances the common law writ of certiorari, as codified at Tennessee Code Annotated section 27-8-101, may be granted to a party where no appeal of right is authorized.  Code section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.  This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101.  The common law writ of certiorari is limited in its application and may not be used to "inquire into the correctness of a judgment issued by a court with jurisdiction."  Moody v. State, 160 S.W.3d 512, 515 (Tenn. Crim. App. 2005) (quoting Adler, 92 S.W.3d at 401).  However, a writ of certiorari is proper when a trial court is acting "without legal authority," and there is no other "plain, speedy or adequate remedy."  Id. (quoting Adler, 92 S.W.3d at 401).

Thus, whether this court grants the State's request to treat its improperly filed Rule 3 appeal as a petition for writ of certiorari is determined by the question of whether the trial court had the legal authority to give the Defendant jail credit on his Dyer County sentences for time he spent incarcerated in the Missouri Department of Corrections on his Missouri convictions.  Because we conclude that the trial court acted without legal authority and that there is no other plain, speedy, or adequate remedy for the State, we will treat the State's appeal as that of a writ of certiorari.  Adler, 92 S.W.3d at 401; see e.g., State v. Teresa L. Herman, No. M2006-01384-CCA-R3-CD, 2007 WL 3275275, at *2-3 (Tenn. Crim. App. Nov. 5, 2007) (considering an improperly filed Rule 3 appeal as a petition for a writ of certiorari when the trial court acted without legal authority in granting sentence credits toward the mandatory forty-eight-hour jail service required for D.U.I.); State v. Donald W. Streck, No. E2003-01991-CCA-R3-CD, 2004 WL 2709152, at *1 (Tenn. Crim. App. Nov. 29, 2004) (considering under certiorari review the State's improperly filed Rule 3 appeal from the trial court's order granting the defendant's

4

motion to receive jail credits toward his Tennessee sentence for time spent in federal custody serving federal sentences).

## Jail Credits

The State asserts that the trial court's ruling with regard to jail credits is erroneous because there is no provision of law in Tennessee that permits a trial court to "restructure a sentence at a probation revocation hearing" and that a Missouri court has no authority to amend a Tennessee judgment. The Defendant responds that the trial court properly awarded jail credit toward his Dyer County sentences for time served in Missouri. He asserts that because the Missouri judgments are silent as to whether the sentences run concurrently or consecutively to his Dyer County sentences and because the offenses to which he pled guilty in Missouri are not in the list of enumerated offenses which are mandatory consecutive sentences under Missouri law, his Missouri sentences "ran concurrently with his Dyer County cases." For the reasons discussed below, we agree with the State.

First, the Dyer County judgments of conviction for aggravated burglary and theft over $1,000 were final on February 23, 2011, and July 8, 2010, respectively. State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) (concluding that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence). The judgments do not reflect that the Dyer County sentences were to run concurrently with the Defendant's Missouri sentence because the Missouri sentence did not exist at the time the Dyer County judgments became final. The State does not dispute the Defendant's contention that because his Missouri judgments are silent as to whether the sentences are concurrent or consecutive to his Dyer County sentences, Missouri would consider its sentence to be running concurrently with the Dyer County sentences.[2] However, a conclusion that the Missouri court ordered its sentence to run concurrently with the Defendant's Dyer County sentences does not work to amend the Dyer County judgments to make, retroactively, the Dyer County sentences concurrent with the Missouri sentence. See Smith v. McWherter, 1987 WL 6069, at *2 (Tenn. Crim. App. Feb. 4, 1987) (stating that a California court had no power to affect how the defendant's Tennessee sentences would be served). Tennessee is not bound by the law of its sister states. State v. Jones, 598 S.W.2d 209, 219 (Tenn. 1980); Maurice Booker v. State, No. 01C01-9606-CC-00271, 1997 WL 359235, at *1 (Tenn. Crim. App. June 30, 1997), perm. app. denied (Tenn. Nov. 17,

---

[2] In contrast to Missouri law, if at the time of sentencing, a defendant in Tennessee has a prior unserved sentence from another state court, the trial court must impose a sentence that is consecutive to the prior sentence "unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and *explicitly so orders*." Tenn. R. Crim. P. 32(c)(2)(B) (emphasis added).

1997).  Thus, a provision for concurrent sentencing under Missouri law would have no effect upon a previously entered judgment in Tennessee and does not bind our courts.

Additionally, there is no provision of Tennessee law that would allow a trial court to amend a defendant's sentence in such a manner following the revocation of probation. Upon finding that a defendant has violated the conditions of probation, the trial court may revoke the probation and implement one of the following: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years.  State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); see also Tenn. Code Ann. §§ 40-35-308, -310, -311; State v. Alvin Donnell Davis, No. E2012-00398-CCA-R3-CD, 2013 WL 703711, at *4 (Tenn. Crim. App. Feb. 25, 2013), perm. app. denied (Tenn. June 11, 2013).  "[W]hen a trial court determines that a probation violation has occurred, it can only cause execution of the *original* judgment as it was originally entered."  State v. Taylor, 992 S.W.2d 941, 945 (Tenn. 1999) (citing Tenn. Code Ann. §§ 40-35-310, -311(d)) (emphasis in original). Accordingly, the trial court in this case did not have the authority after revoking probation to alter the Dyer County judgments to run those sentences concurrently with the Defendant's Missouri sentence.[3]

Finally, a trial court's statutory authority to award post-trial jail credits is limited to allowing credit on a sentence only when the time served arose out of the offense for which the defendant was convicted.  Tennessee Code Annotated section 40-23-101(c) provides:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.  The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction *arising out of the original offense for which the defendant was tried*.

Tenn. Code Ann. § 40-23-101(c) (emphasis added).  This court has repeatedly held that section 40-23-101(c) provides for credits against a defendant's sentence only if the

---

[3] While it does not appear from the record that the trial court entered amended judgments of conviction to reflect that the Dyer County sentences were to retroactively run concurrent with the Defendant's Missouri sentence, this was the practical effect of the trial court's ruling.

incarceration claimed as the basis for the credits arises from the offense for which the sentence was imposed. See State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983); Majeed v. State, 621 S.W.2d 153, 154-55 (Tenn. Crim. App. 1981); Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975); see also State v. Timothy Maurice Reynolds, No. M2003-02551-CCA-R3-CD, 2005 WL 351254, *2 (Tenn. Crim. App. Feb. 10, 2005).

In this case, the Defendant was incarcerated in Missouri, serving a prison sentence for crimes committed in that state. Aside from forming the basis for the revocation of the Defendant's probation, the Missouri crimes were wholly unrelated to the Defendant's Dyer County convictions. Because the time served in Missouri did not arise out of the Dyer County offenses, the trial court acted without authority when it awarded the Defendant jail credit against his Dyer County sentences for his incarceration in Missouri. Accordingly, we reverse the trial court's awarding to the Defendant jail credit on his Dyer County sentences for time served on his Missouri sentence.

We note that, in reaching its decision, the trial court appears to have relied upon an opinion filed by a panel of this court in another Dyer County case, State v. Jeffery D. Rhoades, No. W2004-00154-CCA-R3-CD (Tenn. Crim. App. Dec. 15, 2004).[4] In Jeffery D. Rhoades, the defendant pleaded guilty to burglary and theft in 1996 and was sentenced to concurrent three-year sentences, which were suspended to probation following the service of six months' confinement. The sentences were further ordered to be served concurrently with the defendant's three-year sentence in Jefferson County, Arkansas, and the judgments specifically reflected that the Tennessee sentences ran concurrently with the defendant's Arkansas sentence. Id. In 1997, a violation of probation warrant was filed against the defendant, alleging that he had absconded to Arkansas. When the defendant was eventually returned to Tennessee in 2004 and a revocation hearing conducted, the defendant offered proof that he had fully served the Arkansas sentence in confinement and argued that because the Tennessee sentences ran concurrently with the three-year Arkansas sentence, he was entitled to jail credit on his Tennessee sentences for his time served in Arkansas. Following the defendant's appeal of the revocation of his probation, this court determined that when the defendant went into custody to serve his Arkansas sentence "which, by the terms of the Tennessee judgments, ran concurrently with the effective, three-year Tennessee sentence," the defendant "simultaneously served his effective Tennessee sentence." Id. The court held that the defendant was entitled to credit toward his Tennessee sentences on account of his time in custody serving the concurrent Arkansas sentence.

---

[4] There is no Westlaw citation available for this case.

The court in <u>Jeffery D. Rhoades</u> was enforcing the terms of the Tennessee judgments as pronounced. However, the Defendant's Dyer County judgments do not reflect that his sentences run concurrently with his Missouri sentence. The record shows that the Defendant entered his guilty plea in Dyer County, had his probation transferred to Missouri, and then committed new crimes in that state. Thus, <u>Jeffery D. Rhoades</u> has no application to the instant case.

### III. Conclusion

Based upon the foregoing, we reverse the trial court's awarding to the Defendant jail credit on his Dyer County sentences for time served on his Missouri sentence.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

8